IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Lisa McCall, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.2:06cv39-MHT |
| | ) |
| Mike Johanns, | ) |
| Secretary, Department of Agriculture, | ) Jury Demand |
| | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT

Comes now Lisa McCall and files an amended complaint pursuant to the Civil Rights Act of 1964, 42 USC 2000e *et seq.*, race discrimination and retaliation, and alleges as follows:

### JURISDICTION AND VENUE

(1) This action arises under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, *et seq.*, race discrimination. Subject matter jurisdiction is proper for the United States District Court pursuant to 28 USC 1331.

(2) Venue is proper in the United States District Court for the Middle District of Alabama as most material events occurred within the Middle District of Alabama.

### PARTIES

(3) Plaintiff Lisa McCall, herein after "McCall," is an African American or Black female over nineteen (19) years old and is a resident of Montgomery County, Alabama.

(4) Defendant Mike Johanns is the Secretary of the U.S. Department of Agriculture, herein referred to as the "Agency."


SCANNED

## FACTS

(5) That Plaintiff was employed by the U.S. Department of Agriculture, Rural Development, in 1990. While holding the position of Community Development Assistant GS-1101-4 she was transferred to the Luverne, Alabama Office when the Hayneville Alabama Office was closed in November 1996.

(6) That Plaintiff, upon transfer to Luverne, Alabama, was subjected to race discrimination and poor work conditions, along with another African American coworker who was also transferred to the Luverne, Alabama office. At the Luverne, Alabama, Agency office African American clients and visitors were also treated differently and with less respect than Caucasians. Plaintiff was not given a computer, telephone, etc. or an individual office unlike a similarly situated Caucasian coworker who was given an office, telephone, computer, etc. to work with in her new location at Luverne, Alabama.

(7) That Plaintiff complained about her work conditions and about discrimination at the Luverne Office to Agency management, while employed at the Luverne, Alabama, office, and subsequently was verbally abused by her supervisor who had not treated Caucasian employees that way.

(8) That Plaintiff in April of 1997 was separated from employment with the Agency due allegedly to a reduction in force (RIF) within the Agency.

(9) That Plaintiff pro se, wrote a letter to the Agency's State Director, Horace Horn, on October 29, 1996, alleging "harassment," etc. by the County Office Supervisor, who at that time was supervising both the Hayneville and Luverne, Alabama offices.

(10) That on December 20, 1996 Plaintiff, pro se, wrote a letter to the USDA Office of Civil Rights, Washington, D.C., alleging race discrimination, and racial harassment, etc.

involving her County Office Supervisor.

(11) That on February 25, 1997 Plaintiff, pro se, wrote a similar letter, to the December 20, 1996 letter, to Ms. Barbara Lincoln, USDA Office of Civil Rights, Washington, D.C., alleging race discrimination and racial harassment, etc. involving her County Office Supervisor.

(12) That on April 30, 1997 Plaintiff, pro se, wrote the Secretary of Agriculture a letter complaining of race discrimination and racial harassment.

(13) That despite the fact that the Agency's RIF had occurred in November 1997, Plaintiff never received notice of her reinstatement rights for an Agency position until she requested the information and was subsequently sent a form and was placed on the Agency reinstatement (RPL) list on May 27, 1998, as per the Agency's own representation.

(14) That even though that Plaintiff was apparently, eventually placed on the reinstatement (RPL) list she never was offered reinstatement to any position at any Agency location, despite her qualifications and despite the fact that certain similarly situated Caucasian coworkers who had been RIFed were reinstated or re-employed by the Agency.

(15) That Plaintiff has been damaged by lost pay, lost benefits, mental anguish, damage to reputation, and she has incurred attorneys fees and costs.

(16) That Plaintiff has exhausted all requisite administrative remedies.

**Count I**

**Title VII**

**RACE DISCRIMINATION**

(17) That Plaintiff hereby incorporates by reference paragraphs one (1) through (16)

above.

(18) That the acts and or omissions of the Defendant, as alleged, constitute race discrimination in violation of 42 USC 2000e *et seq.*

(19) That the Plaintiff was damaged, as alleged, and seeks back pay, damages, attorney fees and costs, etc.

**Wherefore Premises Considered** Plaintiff McCall prays that the Defendant be enjoined to name Plaintiff to said GS-1101-4 position or equivalent or higher position and that:

(A) Plaintiff be awarded back pay;

(B) Plaintiff be awarded back and current benefits of the position;

(C) Plaintiff be awarded damages for mental anguish and damages for loss of reputation;

(D) Plaintiff be awarded costs and attorneys fees; and

(E) Plaintiff be awarded such other relief as allowed by law.

## Count II

### Title VII

### RETALIATION

(20) That Plaintiff hereby incorporates by reference paragraphs one (1) through (16) above.

(21) That the acts and or omissions of the Defendant, as alleged, constitute retaliation in violation of 42 USC 2000e *et seq.*

(22) That the Plaintiff was damaged as alleged and seeks back pay, damages, attorney fees and costs, etc.

**Wherefore Premises Considered** Plaintiff McCall prays that the Defendant be enjoined

to name Plaintiff to a GS-1101-4 position or equivalent or higher position and that:

   (A) Plaintiff be awarded back pay;

   (B) Plaintiff be awarded back and current benefits of the position;

   (C) Plaintiff be awarded damages for mental anguish and damages for loss of reputation;

   (D) Plaintiff be awarded costs and attorneys fees; and

   (E) Plaintiff be awarded such other relief as allowed by law.

                                                    Respectfully submitted

                                                    Gary E. Atchison (ATC004)
                                                    Attorney for
                                                    Plaintiff Lisa McCall

**Of Counsel:**
PO Box 2002
492 S. Court St.
Montgomery, AL 36102-2002
(334) 262-7232

## Certificate of Service

    I hereby certify that I have sent a copy of the above Second Amended Complaint to the following, first class postage in the US Mail properly addressed, on this _26_ day of July, 2006:

H. Randolph Neely, Esq.
Office of US Attorney
One Court Square
Montgomery, AL 36104

                                                    Gary E. Atchison