IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA McCALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: **2:06-CV-39-MHT** |
| | ) |
| MIKE JOHANNS, Secretary of the | ) |
| United States Department of Agriculture, | ) |
| | ) |
|     Defendants. | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

Comes now the Defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers the Plaintiff's amended complaint as follows:

**First Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff was not the victim of unlawful discrimination and she cannot present a prima facie case of any type of prohibited discriminatory and/or harassing conduct.

**Third Defense**

All actions of which the Plaintiff complains were based upon legitimate, non-discriminatory reasons and were not based in whole, or in part, upon her race or any other basis prohibited by law.

**Fourth Defense**

Defendant denies all allegations of wrongdoing, pleads the general issue, and states that there is no set of facts or circumstances that can be proven in this case which would justify the imposition of damages against it.

**Fifth Defense**

Plaintiff has suffered no damage or loss as a result of any conduct of Defendants.

**Sixth Defense**

Plaintiff has failed to timely and completely exhaust all administrative remedies.

**Seventh Defense**

The Defendant exercised reasonable care to prevent and correct promptly any unlawful harassing behavior and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendant.

**Eighth Defense**

Without admitting that a discriminatory and/or retaliatory intent prompted any of the complained of actions/inactions, the defendant asserts that it would have made the same decisions even in the absence of any discriminatory/retaliatory consideration.

**Ninth Defense**

Answering specifically the numbered paragraphs of the complaint, utilizing the same paragraph numbering, Defendant admits, denies and otherwise answers as follows:

1. The assertions in this paragraph are a statement of jurisdiction to which no response is necessary. To the degree a response is deemed necessary, same are denied.

2. The Defendant admits the allegations of paragraph 2 of the complaint.

3. The Defendant admits the allegations of paragraph 3 of the complaint.

4. The Defendant admits the allegations of paragraph 4 of the complaint.

5. The Defendant admits the allegations of paragraph 5 of the complaint.

6. The Defendant denies the allegations of paragraph 6 of the complaint.

7. The Defendant denies the allegations of paragraph 7 of the complaint.

8. The Defendant admits the allegations of paragraph 8 of the complaint.

9. The Defendant is without sufficient information to admit or deny the allegations of paragraph 9, therefore, the same are denied.

10. The Defendant is without sufficient information to admit or deny the allegations of paragraph 10, therefore, the same are denied.

11. The Defendant is without sufficient information to admit or deny the allegations of paragraph 11, therefore, the same are denied.

12. The Defendant is without sufficient information to admit or deny the allegations of paragraph 12, therefore, the same are denied.

13. The Defendant denies the allegations of paragraph 13 of the complaint.

14. The Defendant admits the Plaintiff was never offered reinstatement to any position within the Agency, but denies the remaining allegations of paragraph 14 of the complaint.

15. The Defendant denies the allegations of paragraph 15 of the complaint.

16. The Defendant denies the Plaintiff has timely exhausted all requisite administrative remedies.

17. The Defendant adopts and hereby incorporates by reference paragraphs 1 - 16 of this answer.

18. The Defendant denies the allegations of paragraph 18 of the complaint.

19. The Defendant denies the allegations of paragraph 19 of the complaint, and to the degree the averment is in the form of a prayer for relief, no response is necessary. To the degree a response is deemed necessary, Defendant denies Plaintiff is entitled to the recovery of any relief in any form.

20. The Defendant adopts and hereby incorporates by reference paragraphs 1 - 16 of this answer.

21. The Defendant denies the allegations of paragraph 21 of the complaint.

22. The Defendant denies the allegations of paragraph 22 of the complaint, and to the degree the averment is in the form of a prayer for relief, no response is necessary.

To the degree a response is deemed necessary, Defendant denies Plaintiff is entitled to the recovery of any relief in any form.

WHEREFORE, premises considered, the complaint is due to be and should be dismissed with the costs of this litigation taxed to the Plaintiff.

Respectfully submitted this 8th day of August, 2006.

>LEURA G. CANARY
>United States Attorney
>
>By: s/R. Randolph Neeley
>R. RANDOLPH NEELEY
>Assistant United States Attorney
>Bar Number: 9083-E56R
>Attorney for Defendant
>Post Office Box 197
>Montgomery, AL  36101-0197
>Telephone No.: (334) 223-7280
>Facsimile No.: (334) 223-7418
>E-mail: **rand.neeley@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have mailed a copy of same to the following non-CM/ECF participants:

Gary E. Atchison, Esq.
P.O. Box 2002
Montgomery, AL 36102-2002

          /s/R. Randolph Neeley
Assistant United States Attorney