EXHIBIT 3



USDA
United States
Department of
Agriculture

Rural
Development

Carmichael Road
e 601
Montgomery, AL 36106-3683
(334) 279-3404 / (334) 279-3495 TDD



**EXHIBIT F9b**

SUBJECT:    Specific Reduction In Force Notice

TO:    Lisa McCall
       Community Development Assistant
       Crenshaw Local Office
       Luverne, AL

January 23, 1997

It is necessary to conduct a Reduction In Force (RIF) in Alabama. The reasons for the RIF are : (1) reorganization to implement field restructuring required by the centralization of servicing for Single Family Housing (SFH) borrowers and the Congressionally mandated escrowing of taxes and insurance for SFH borrowers; (2) reorganization to implement the transformation from a credit/financial organization to a rural development organization; and (3) the need to meet budget limitations in Fiscal Year 1997.

A RIF will be conducted within your competitive area effective April 27, 1997. This RIF is being carried out in accordance with Part 351 of Title 5 of the Code of Federal Regulations (CFR). This memorandum constitutes specific notice that you have been reached for a Reduction In Force action.

The retention rights of all employees concerned have been carefully reviewed. A retention register has been prepared which gives full consideration to competitive level, civil service tenure, veteran preference, length of service, and performance ratings. Attachment 1 provides your retention status as reflected on the retention register for your competitive level.

A review of your retention standing indicates that you have been reached for release from your competitive level in accordance with RIF regulations and procedures. This is because your position has been abolished. Through further application of RIF regulations, it has been determined that you have no assignment rights within your competitive area. Through application of the mission area's policy on use of vacancies, it has been determined that there is no placement for you in a vacant position within or outside your competitive area. Therefore, you will be separated by RIF from the Federal service effective April 27, 1997. During this notice period, you will continue in an active duty status in your present position through April 26, 1997.

Because you are not eligible for any immediate annuity (i.e., optional, early, discontinued service retirement), you are eligible for severance pay following your separation. Information about severance pay is included in Attachment 2, an Information Guide on Employee Benefits. As a Tenure Group I employee, you are eligible to have your name placed on the Department's Reemployment Priority List (RPL) and to participate in OPM's Interagency Career Transition Assistance Plan (ICTAP). Attachment 2 includes information on these programs. Attachment 6

PLAINTIFF'S
EXHIBIT
3

Rural Development is an Equal Opportunity Lender.
Complaints of discrimination should be sent to:
Secretary of Agriculture, Washington, D.C. 20250

DEFENDANT'S
EXHIBIT

CASE
NO. 2:06 cv 39

EXHIBIT
NO.    3

is a copy of the RPL Registration Sheet. You may obtain information regarding eligibility for unemployment insurance from the local Alabama State Unemployment Office. Also, unemployment information is included in Attachment 3.

You may resign at any time after the receipt of this notice. Your resignation may be effective on the date you specify or on the separation date identified in this notice, whichever is earlier. Your resignation would be considered involuntary and you would be entitled to severance pay. However, if you resign before your separation under RIF, you will no longer be eligible for the Reemployment Priority List or the Interagency Career Transition Assistance Plan.

Any unused annual leave to your credit will be paid in a lump sum after you receive your last regular paycheck. You may also be eligible to receive a refund of your retirement contributions.

The Human Resources staff is available to assist you by explaining this notice and providing benefits information. You are entitled to a copy of OPM's retention regulations found in 5 CFR Part 351, which can be provided to you upon request. You are entitled to inspect retention registers and related records that have a bearing on this specific RIF action. You may contact Micki Boyd or Barbara Price, 1-800-550-9499, ext. 3425, to request copies of pertinent regulations or other material related to this action that you may need to review.

If, after examination of the relevant retention register and pertinent regulations, you feel that any of your rights have been violated, you may appeal to the Merit Systems Protection Board (MSPB). An appeal must be filed during the period beginning on the day after the effective date of the action being appealed and ending 30 days after the effective date. If you do not submit an appeal within this timeframe, it will be dismissed as untimely filed unless a good reason for the delay is shown. An appeal must be addressed to Regional Director and filed with the following MSPB office:

> Merit Systems Protection Board
> Atlanta Regional Office
> 401 West Peachtree St., N. W., Suite 1050
> Atlanta, GA 30308
> FAX (404) 730-2767

An appeal must be made by personal delivery, by facsimile, by mail, or by commercial overnight delivery. Attachment 4 is a copy of the MSPB appeal form. You may receive a copy of MSPB's regulations on appeal procedures by contacting Micki or Barbara in the Human Resources office.

This Reduction-In-Force notice does not reflect on your performance or conduct. It is being taken solely for the reasons stated in the first paragraph of this letter. Rural Development sincerely appreciates the services you have rendered during your employment and we regret that you have been personally affected.

Continuing effort is being made to retain your services at the highest possible pay level. You will be contacted if a position becomes available prior to the effective date of this action.

So that we have a record of your receipt of this notice, please sign and date the receipt acknowledgment copy, Attachment 5, upon delivery.

HORACE H. HORN, JR.
State Director

Attachments
     (1)  Retention Information
     (2)  Information Guide on Employee Benefits
     (3)  SF-8, Unemployment Insurance
     (4)  MSPB Appeal Form
     (5)  Receipt Acknowledgment Form
     (6)  RPL Registration Sheet

**ATTACHMENT 1**

## RETENTION INFORMATION
### Lisa McCall

**Current Position:**

|  |  |
|---|---|
| Official Title: | Community Development Assistant |
| Series, Grade: | GS-1101-4 |
| Working Title: | CDA |
| Location: | Crenshaw Local Office, Luverne, AL |
| Salary: | $20,116 PA |

**Tenure Group:**          I

**Subgroup:**          B

**Service Computation Date:**          7/29/90

**Performance Ratings:**  (the three ratings used to determine adjusted SCD)

    1995:  Fully Successful
    1994:  Fully Successful
    1993:  Superior

**Adjusted Service Computation Date:**          7/29/76

**Competitive Area:**          10

**Competitive Level:**          GS-4, #2



# BENEFITS

A variety of benefits available to employees being impacted because of Reduction-in-Force (RIF) are summarized below. Not all of these benefits apply to you. For answers to specific questions, contact your Human Resources servicing office.

## GRADE AND PAY RETENTION

An employee who is placed in a lower-graded position in his or her agency as the result of RIF procedures is entitled to retain the same grade for 2 years. The employee's retained grade is considered for most purposes (including pay and pay administration, retirement, life insurance, eligibility for training, promotions, and within-grade increases, but not for future RIF competition) as the grade of the position the employee holds after downgrading because of RIF. (For example, an employee who holds a GS-12 position and is downgraded because of RIF to a GS-9 position is still considered to be a GS-12 for most purposes.)

An employee who is downgraded during a RIF is eligible for grade retention only after first completing at least 52 consecutive weeks at a higher grade than the position into which he or she is placed. An employee has a right to grade retention if he or she has received a specific RIF notice, and receives a written offer of a position that is offered at management's initiative.

Following grade retention, an employee is eligible for pay retention. An employee who is downgraded because of RIF, but who does not meet the 52-week eligibility for grade retention, is also eligible for pay retention. Pay retention applies when the pay rate of the position the employee held prior to the RIF exceeds the highest step of the lower-graded position held by the employee after the RIF. Under pay retention, the employee is placed in the lower grade with the pay set at an appropriate step or pay rate of the lower grade, or at no more than 150% of the maximum rate for the grade in which the employee is placed, whichever is lower. The employee then receives 50% of any adjustment (e.g., annual comparability increase) in the maximum rate to which he or she was reduced until the rate of the employee's new grade equals or exceeds the employee's then current pay.

5 CFR Part 536 contains more information on grade and pay retention.

## SEVERANCE PAY

Severance pay is available to a separated employee provided the employee did not refuse the offer of a position no more than two grades lower than the current grade level, and which is in the same commuting area. In addition, the employee must have served at least 12 continuous months in a permanent appointment, and may not be eligible for an immediate annuity as a Federal employee, a retired member of the armed forces, or is not receiving any type of injury compensation benefits.

COMPUTATION OF SEVERANCE PAY: An employee is entitled to 1 week basic pay for each year of civilian service up through 10 years, and 2 weeks' basic pay for each year of creditable service over 10 years. An additional 10 percent of the basic rate of severance pay is received for each year the employee is over age 40. The maximum is one year's salary which is paid out at regular pay intervals. Only civilian service is creditable for severance pay
The only deductions made from severance pay are taxes, social security (if applicable) and medicare If you are entitled to severance pay, an estimate will be attached to your specific RIF notice.

If you are reemployed in a permanent position with the Federal Government or the District of Columbia, severance pay is immediately discontinued. If you are reemployed in the Federal Government on a temporary appointment after a break of more than 3 calendar days, your severance pay will be suspended. At the termination of the temporary appointment, the unexpired portion of severance pay will be continued. If you accept a temporary appointment within 3 calendar days of separation and subsequently leave that temporary job on an involuntary basis (e.g., expiration of appointment), you would receive a severance pay entitlement from both your time on the temporary appointment and all other creditable civilian service. Employment in the private sector has no affect on severance pay entitlement.

## UNEMPLOYMENT COMPENSATION

The unemployment insurance program for Federal employees is administered by the Department of Labor through state governments. States determine the eligibility for benefits and the amounts to be paid to unemployed individuals. The program provides a weekly income for a limited period of time. The length of time is determined by the jurisdictional state's law. Separated employees should file a claim for benefits at their State Employment Service office or their unemployment insurance claims office. These state offices allow individuals to register for potential employment opportunities. You must take your social security card, official notice of separation or non-pay status (Standard Form 50), specific RIF notice letter, and notice about unemployment insurance (Standard Form 8). You may not apply for unemployment benefits until you are off the rolls.

## UNUSED ANNUAL LEAVE

All civilian employees covered by annual leave laws are entitled to receive a lump sum payment for annual leave when separated from the Federal Government.

## UNUSED SICK LEAVE

There is no payment for unused sick leave. However, an employee who is separated from the Federal Government is entitled to have his or her sick leave re-credited if the individual is reemployed in the Federal Government. All unused sick leave is added to the total service of an employee who is eligible for an annuity under the Civil Service Retirement System (CSRS). For the Federal Employees Retirement System (FERS) employees who switched from CSRS, unused sick leave that accrued at the time of transfer may be applied to the CSRS retirement component. Regular FERS employees cannot apply unused sick leave to total service for retirement.

## FEDERAL EMPLOYEES HEALTH BENEFITS PROGRAM (FEHBP)

### Separated Employees Only

After separation, employees not eligible for an immediate annuity can continue their health insurance free for 31 days. During that month and for a total period of 60 days after the separation date, employees can elect to continue receiving benefits under FEHBP. However, the employee must pay 100% of the premium plus 2% for administrative fees, and the extension of coverage lasts only 18 months. An employee can also convert to a private plan.

## FEDERAL EMPLOYEES GROUP LIFE INSURANCE (FEGLI) PROGRAM

### Separated Employees Only

Separated employees are covered free by FEGLI for 31 days. An employee who is separated and is not eligible for an immediate annuity may convert all or part of the life insurance to an individual policy without having to take a medical examination. The individual policy may be purchased from any eligible insurance company selected by the employee and is considered a private transaction between the employee and the company. The employee pays the entire premium of the conversion policy and the conversion must be made within 31 days after the effective date of the separation

## THRIFT SAVINGS PLAN (TSP)

### Withdrawing Your Money

When you have been separated from Federal service for more than 31 days, you are eligible to withdraw your vested TSP account balance. You have several options for withdrawal:

1) If your account balance is $3500 or less you will be notified by TSP and your account balance will be paid to you automatically in a single payment, unless you choose another withdrawal option for which you are eligible.

2) Since you are separating, you may:

    * Leave it in the TSP.

    * Transfer it entirely to an IRA or other eligible retirement plan.

    * Purchase a life annuity immediately or at a later date if your account balance is at least $3500.

    * Receive a single payment immediately or at a later date.

    * Receive a single payment and ask the TSP to transfer a portion of it to an IRA or other retirement plan.

    * Receive a series of equal monthly payments beginning immediately or at a later date.



\* Receive a series of equal monthly payments and ask the TSP to transfer each payment (or a portion of it) to an IRA or other eligible retirement plan if the series of payments is expected to last less than 10 years and is not based on your life expectancy.

Any funds paid directly to you from TSP are taxable; and a 10 percent penalty may be charged for early withdrawal if you separate before the year you attain age 55. Your options are outlined in detail in the booklet, "Withdrawing Your TSP Account" dated March 1995. You will receive this booklet from your Human Resources servicing office upon separation. You will also receive all appropriate forms to exercise your withdrawal option.

## RETIREMENT BENEFITS

Federal employees who were first hired before January 1, 1984, are generally covered by CSRS. Most employees first hired on or after January 1, 1984, were automatically covered by FERS.

## REFUNDS

Employees who separate from Federal employment before completing a minimum of 5 years of creditable civilian service are not eligible to receive optional or deferred annuity benefits under CSRS or FERS. An employee who receives a refund of retirement deductions under CSRS may, after reemployment with the Federal Government, repay the amount refunded plus interest so that the period of service covered by the refund may be included in the computation of annuity benefits. However, while an employee covered by FERS may also receive a refund of his or her retirement contributions, a FERS employee will not be eligible to receive annuity benefits based on the period of service covered by the refund if the employee is reemployed in the Federal Government. There is no provision in law which permits the repayment of FERS contributions that have been refunded. A separated employee does not have to take a refund. Interest has been paid on all funds in a FERS account, while CSRS employees receive no interest for accounts more than 5 years old. Taxes have already been paid on the deductions themselves. Payment of taxes is required only on the interest earned on money in the retirement account.

## DEFERRED ANNUITY

An employee who separates from the Federal service after completing at least 5 years of creditable civilian service, but before becoming eligible for an immediate annuity, is entitled to a deferred annuity at age 62 under both CSRS and FERS. Under certain conditions, a FERS employee may be eligible for a deferred annuity before age 62. An employee who is eligible for a deferred annuity may, in lieu of the annuity at a later date, receive a refund of his or her retirement deductions, provided that the employee is not eligible to receive an annuity within 31 days after filing a refund application.

## IMMEDIATE ANNUITY (CSRS)

An employee serving under CSRS for at least 1 of the last 2 years before his or her separation is eligible for an immediate annuity if he or she meets the following minimum age and service requirements:

4



## Optional Retirement

(1) Age 62 and 5 years creditable civilian service.

(2) Age 60 and 20 years total creditable service.

(3) Age 55 and 30 years total creditable service.


## Discontinued Service Retirement

(1)  Age 50 and 20 years total creditable service.

(2)  Any age and 25 years total creditable service.

The CSRS annuity of an employee who retires before age 55 is reduced by 2 percent for each year the employee is under age 55 at the time of retirement.

An employee is eligible for discontinued service retirement under both CSRS and FERS only if the employee is reached for an involuntary action (such as job abolishment or reassignment to a position in a different commuting area), and does not receive an offer from his or her agency of another position in the same local commuting area that is within two grades of the employee's present position.

## IMMEDIATE ANNUITY (FERS)

An employee serving under FERS is eligible for an immediate annuity if he or she meets the following minimum age and service requirements:

## Optional Retirement

(1) Age 62 and 5 years creditable civilian service.

(2) Age 60 and 20 years total creditable service.

(3) Minimum retirement age and 10 years total creditable service.

The minimum retirement age for FERS employees born before 1948 is 55, but gradually increases from 55 to 57 for employees born between 1948 and 1970. Also, the FERS annuity is reduced by 5 percent for each year the employee is under age 62. The employee can avoid the age reduction entirely by choosing as the commencing date of annuity either:  1) a date that is less than one full month before the employee reaches age 62 if he or she has less than 20 years of service; or 2) the first day of any month after reaching age 60 if he or she has at least 20 years of service.

**Discontinued Service Retirement**

(1) Age 50 and 20 years total creditable service.

(2) Any age and 25 years total creditable service.

There is no annuity reduction in FERS for employees who retire on a discontinued service annuity under the age of 55. Transferees with a CSRS annuity component will have the CSRS portion of the annuity reduced by 2 percent per year if he or she is under age 55

## REEMPLOYMENT PROGRAMS

## CAREER TRANSITION ASSISTANCE

On August 1, 1996, the Under Secretary issued Guidance on Eligibility for Career Transition Benefits. This allows all employees in States faced with RIF, whether expected to be impacted or not, up to 40 hours of official time for job search purposes. This is intended to help anyone who wishes to leave the mission area, find another job. Use of Rural Development equipment is also authorized.

The Rural Development Supplement to the USDA CTAP Plan was distributed to all employees on August 13, 1996. This document explains the various in-house placement provisions available within the employee's commuting area. These benefits will become available to any employee receiving a Certificate of Expected Separation. This entitles them to special selection priority for Rural Development and USDA vacancies within their commuting area, provides for additional official time for job search purposes, provides eligibility for State Dislocated Worker programs and enables them to be placed on the Reemployment Priority List

Employees who receive a Certificate of Expected Separation become eligible for ICTAP, which provides special selection priority for other government vacancies in their commuting area.

The Office of Personnel Mangement (OPM) operates the Federal Job Opportunities Board (FJOB) that allows access to the latest job listing from a personal computer and modem by dialing (912) 757-3100. In addition, Career America Connection, a telephone based system, allows non-internet users to conduct job searches by dialing (912) 757-3000. An OPM news release on September 13, 1996, announced the unveiling of its Employment Information Homepage, "USA JOBS". The homepage, located at http://www.usajobs.opm.gov, will provide worldwide job listings that are updated daily. Internet users of this website can direct their job search by tailoring the occupational category, geographic location, and pay level.

The Department of Labor also established a website in July 1996, titled "Planning Your Future - a Federal Employee's Survival Guide." This may be accessed through "USA JOBS" or directly at the web address http://safetynet.doleta.gov and provides a wide variety of information and private sector opportunities.

Individuals who do not have internet access may want to check local libraries, colleges, high schools, friends, etc. who may have internet availability.

## REEMPLOYMENT PRIORITY LIST (RPL)

RPL is a post-RIF program that provides separated employees first opportunity for positions within their former agency that would otherwise be filled by employees outside the agency. A separate RPL must be established for each commuting area from which eligible employees have been separated due to RIF.

An employee eligible is entitled to consideration for positions for which that employee is available providing all of the following conditions are met:

(1) The employee must meet the qualification requirements for the position.

(2) The position must be at no higher grade (or equivalent) and have no greater promotion potential that the position from which separated.

(3) The position must have the same work schedule as the position from which separated.

(4) The position must be in the same commuting area as the position from which separated.

To be eligible to apply for the RPL, employees must: a) be serving under an appointment in the competitive service in tenure group I or II at the time of RIF separation, b) have not refused an offer of assignment to a position at the same grade or representative rate during RIF; and c) have received a performance rating above Unsatisfactory as their current annual rating. Tenure group I employees can remain on the RPL for 2 years. The time limit for tenure group II employees is 1 year.

## HOW TO APPLY:

You must fill out an application and apply through your Human Resources servicing office within 30 days after your separation.

## REPROMOTION POLICY

Repromotion eligibles may be given special consideration for vacant positions which are filled under merit promotion procedures. Such consideration may extend to positions up to and including the grade level from which the employee was demoted. The employee must be qualified for the position in order to receive consideration.

Special consideration is priority listing on certificates and selection unless the selecting official can present valid and justifiable reasons. The employee should be repromoted when vacancies for which they are qualified occur; however, an employee eligible for special consideration is not guaranteed repromotion.

7

# TAKE THIS FORM WITH YOU IF YOU GO TO FILE A CLAIM

## UNEMPLOYMENT COMPENSATION FOR FEDERAL EMPLOYEES (UCFE) PROGRAM

## NOTICE TO FEDERAL EMPLOYEE ABOUT UNEMPLOYMENT INSURANCE

This form has been given to you because (1) you have been separated from your job, or (2) you were placed in a nonpay status, or (3) your records have been transferred to a different payroll office.

*Unemployment insurance (UI) for Federal workers.* When unemployed, Federal workers may be entitled to UI benefits similar to those of workers in private industry. If you become unemployed or are in a nonpay status and want to FILE A CLAIM, go to the nearest LOCAL PUBLIC EMPLOYMENT SERVICE OFFICE of the STATE EMPLOYMENT SECURITY AGENCY to register for work and file your claim for UI. Your ELIGIBILITY for UI CANNOT be determined until AFTER you file a claim. DO NOT DELAY filing a UI claim; if you wait, your unemployment benefits may be reduced or you may not qualify for any benefits.

To help EXPEDITE your claim, take THIS FORM with you, your SOCIAL SECURITY ACCOUNT NUMBER CARD, the OFFICIAL NOTICE of your most recent SEPARATION or of your present NONPAY status (Standard Form 50 if available), EARNINGS and LEAVE statements, or similar documents that indicate you were employed by a Federal agency.

**FEDERAL AGENCY** will insert in the box:
1st line—Parent Federal Agency Name and 3 digit code number
2nd line—Major Component (if

3rd and 4th line—complete address to which all forms pertaining to a claim should be sent (ES-931, 931A, 934, 936, and notices of appeal, hearings, and determinations)

**3 Digit Identification**
**FEDERAL AGENCY**

CODE NO.

JAMES E. FRICK, INC.
145 Weldon Parkway
P.O. Box 283
St. Louis, MO  63166

To be completed by the *Federal Agency:*

USDA, Rural Development
Contact Name/Office

Barbara Price
Personnel Management Specialist

Telephone No. (*include area code*)

(334) 279-3425

KEEP THIS FORM and TAKE IT WITH YOU if you file a UCFE/UI claim for unemployed Federal workers provided by Federal law (U.S. CODE, Title 5, Chapter 85). For more information about UCFE/UI, read the REVERSE SIDE of this form.

STANDARD FORM 8 (Rev. 6-87)
Prescribed by Dept. of Labor
20 CFR 609

**Pt. 1201, App. I**                                                      **5 CFR Ch. II (1-1-96 Edition)**

## APPENDIX I TO PART 1201—MERIT SYSTEMS PROTECTION BOARD APPEAL FORM



OMB NO. 3124-0041

## U.S. MERIT SYSTEMS PROTECTION BOARD

# APPEAL FORM

### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. 5 C.F.R. Parts 1201 and 1209. Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. You must tell the Board if you are raising an affirmative defense (see Part IV), and you are responsible for proving each defense you raise.

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional or field office which has responsibility for the geographic area in which you are employed. See 5 C.F.R. Part 1201, Appendix II.

**WHEN TO FILE AN APPEAL:** Your appeal must be filed during the period beginning with the day after the effective date of the action you are appealing and ending on the 30th day after the effective date. You may not file your appeal before the effective date of the action you are appealing. If you are appealing from a decision which does not set an effective date, you must file within 35 days of the date of the decision you are appealing. If your appeal is late, it may be dismissed as untimely. The date of the filing is the

date your appeal is postmarked, the date of the facsimile transmission, the date it is delivered to a commercial overnight delivery service, or the date of receipt if you personally deliver it to the regional or field office.

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, by commercial overnight delivery, or by personal delivery. You must submit two copies of both your appeal and all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you. If your representative signs block 6, you must sign block 11 or submit a separate written designation of representative.

**WHISTLEBLOWING APPEAL/STAY REQUEST:** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of whistleblowing activities, you must complete Part VII of this form. If you are requesting a stay, you must complete Part VIII of this form.

*Privacy Act Statement: This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.*

*The U.S. Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.*

*You should know that the decisions of the U.S. Merit Systems Protec-*

*tion Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form in a data base for program statistics.*

*Public Reporting Burden: The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour, with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to the Office of Planning and Resource Management Services, Merit Systems Protection Board, 1120 Vermont Ave., NW., Washington, DC 20419.*

### Part I Appellant Identification

| 1. Name (last, first, middle initial) | 2. Social Security Number |
|---|---|
| 3. Present address (number and street, city, state, and ZIP code) You must notify the Board of any change of address or telephone number while the appeal is pending with the MSPB. | 4. Home phone (include area code) |
| | 5. Office phone (include area code) |
| 6. I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief. | Signature of appellant or designated representative        Date signed |

# lt Systems Protection Board

**Pt. 1201, App. I**

---

## Part II Designation of Representative

ou may represent yourself in this appeal, or you may choose someone to represent you. Your representative does not have to : an attorney. You may change your designation of a representative at a later date, if you so desire, but you must notify the oard promptly of any change. Where circumstances require, a separate designation of representative may be submitted after e original filing. Include the information requested in blocks 7 through 11.

"I hereby designate _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

| Representative's address (number and street, city, state, and ZIP code). | 9. Representative's employer |
|---|---|
| | 10.a) Representative's telephone number (include area code) |
| | 10.b) Representative's facsimile number |
| | 11. Appellant's signature                          Date |

## Part III Appealed Action

Briefly describe the agency action you wish to appeal and attach the proposal letter and decision letter. If you are appealing a decision relating to the denial of retirement benefits, attach a copy of OPM's reconsideration decision. If the relevant SF-50 or s document is available, send it now; however, do NOT delay filing your appeal because of it. You may submit the SF-50 when it becomes available. Later in the proceeding, you will be afforded an opportunity to submit detailed evidence in support of your appeal.

| Name and address of the agency that took the action you are appealing (including bureau or other divisions, as well as street address, city, state and ZIP code) | | | 14. Your position title and duty station at the time of the action appealed | | |
|---|---|---|---|---|---|
| Grade at time of the action appealed | 16. Salary at the time of the action appealed      $        per | | 17. Are you a veteran and/or entitled to the employment rights of a veteran?  ☐ Yes   ☐ No | | |
| Employment status at the time of the action appealed  ☐ Temporary  ☐ Applicant  ☐ Retired  ☐ Permanent  ☐ Term  ☐ Seasonal | 19. If retired, date of retirement (month, day, year) | | 20. Type of service  ☐ Competitive  ☐ SES  ☐ Excepted  ☐ Postal Service  ☐ Foreign Service | | |
| Length of government service | 22. Length of service with acting agency | | 23. Were you serving a probationary or trial period at the time of the action appealed?  ☐ Yes   ☐ No | | |
| Date you received written notice  proposed action (month, day, )(attach a copy) | 25. Date you received the final decision notice (month, day, year) (attach a copy) | | 26. Effective date of the action appealed (month, day, year) | | |

P. 010

**201, App. I**                                              **5 CFR Ch. (1–1–96 Edition)**

---

### Part VII Whistleblowing Activity

#### INSTRUCTIONS

**Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities.**

| a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety?  ☐ Yes *(attach a copy or summary of disclosure)* ☐ No | 39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made |
|---|---|

c) Date the disclosure was made *(month, day, year)*

---

If you believe the action you are appealing was... *(please check appropriate box)*

☐ *Threatened*          ☐ *Proposed*

☐ *Taken*               ☐ *Not Taken*

...because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence which supports your statement.

Optional Form 283 (Rev 10/94)
NSN 0
5 CFR, 1201 and 1209
Part 2

| 41.a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing?<br><br>☐ Yes (attach a copy of your request to the Office of Special Counsel for corrective action)  ☐ No | 41.b) If yes, date(s) filed (month, day, year) |
|---|---|

**41.c)** Place filed (location, number and street, city, state, and ZIP code)

| 42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel?<br><br>☐ Yes (attach a copy)  ☐ No |
|---|

| 43.a) Have you already requested a stay from the Board of the action you are seeking to appeal?<br><br>☐ Yes (attach a copy)  ☐ No | 43.b) If yes, date requested (month, day, year) |
|---|---|

| 43.c) Place filed (location, number and street, city, state, and ZIP code) | 43.d) Has there been a decision?<br><br>☐ Yes (attach a copy)  ☐ No |
|---|---|

## Part VIII Stay Request

### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at any time after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneous with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.5.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and Items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

a.  A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

b.  Evidence and/or argument demonstrating that the:

   (1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

   (2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

c.  Evidence and/or argument demonstrating that there is a substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

d.  Documentary evidence that supports your stay request.

e.  Evidence and/or argument addressing how long the stay should remain in effect.

f.  Certificate of service specifying how and when the stay request was served on the agency.

g.  You may provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

Optional Form 283 (Rev 12/94)
USPO
5 CFR 1201 and 1209
Part 4

[59 FR 65236, Dec. 19, 1994]

USDA
Reemployment Priority List
Registration Sheet

Star ( )
Data ( )
Data ( )

1. Name of servicing personnel office _____

   Address _____

   Phone _____ Employee's Agency _____

2. Name of registrant   (Last)      (First)       (Middle)

3. Address        (Street)       (City)       (State)     (Zip Code)

| 4. Tenure Group | 5. Date of | 6. Work Schedule |
|---|---|---|
| ☐ 1AD ☐ 2AD | Separation | ☐ Full-time |
| ☐ 1A ☐ 2A | _____ | ☐ Part-time  Hours per pay period _____ |
| ☐ 1B ☐ 2B | | ☐ Intermittent    ☐ Seasonal |

7. Available for temporary appointment.                ☐ Yes ☐ No
   Available for 90 days or less appointment.           ☐ Yes ☐ No

8. Series for which qualified

| | Pay Plan | Series | Highest Grade Eligible | Lowest Grade Acceptable |
|---|---|---|---|---|
| Present Series | ☐☐ | ☐☐☐☐ | ☐☐ | ☐☐ |
| Series 2 | ☐☐ | ☐☐☐☐ | ☐☐ | ☐☐ |
| Series 3 | ☐☐ | ☐☐☐☐ | ☐☐ | ☐☐ |
| Series 4 | ☐☐ | ☐☐☐☐ | ☐☐ | ☐☐ |
| Series 5 | ☐☐ | ☐☐☐☐ | ☐☐ | ☐☐ |

(continue series on reverse, if needed)

| 9. Commuting area from which displaced | 10. Reason for Registration |
|---|---|
| State Abbr: _____ | ☐ Reduction-in-Force |
| City: _____ | ☐ Recovered or restored compensable or disabled employee |
| City Code: _____ | |

11. To be completed by the employing office when candidate is being removed from the RPL.

    Name of Employing Office _____

    Reason for removal:
    ☐ (1) Appointment (give Agency, type of appointment, work schedule)

    _____
    _____

    ☐ (2) Employee's written request (attach)

    ☐ (3) Declination & reasons

    _____
    _____

12. Employee Signature _____ DATE _____