# EXHIBIT 27

Case 2:06-cv-00039-MHT-SRW   Document 26-12   Filed 04/16/2007   Page 1 of 6

STATE OF ALABAMA

COUNTY OF WILCOX

### AFFIDAVIT OF ARTHUR L. POWERS

I, Arthur L. Powers, make the following statement freely and voluntarily to Romaine L. White, who has identified herself to me as a Contract EEO Investigator for the following federal agency: U.S. Department of Agriculture (USDA), investigating a complaint of discrimination filed by Lisa McCall, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear or affirm:

1.  I have been employed as a Rural Development Specialist, GS-12, since January of 1996. My supervisor is Ricky Dawson, Rural Development Manager, and my second line supervisor is State Director Ann Payne. My race and color are white.

2.  From October of 1995 through November of 1996, I was the supervisor of the Hayneville, Alabama office. I took over supervision when Carnell McAlpine left. The Hayneville office was closed in November of 1996. From early March of 1997 thru June of 1997, I was the supervisor of the Luverne, Alabama office. In both Hayneville and Luverne I was responsible for supervising four or five county offices. Therefore, I was only in the office with Lisa McCall a few days a week. Patsy Williams functioned as an office manager. During this time my direct supervisor was John Sasser, Rural Development Manager, and my second line supervisor was State Director Horace Horn.

Page 1 of 4                                                                                          Initials ALP

3. The investigator has advised me that Lisa McCall contends that I harassed her by using a different tone of voice when I spoke to her or Arlesa Hunter as compared to the way I spoke to white employees. I do not remember using a different tone of voice. I did raise my voice once to Lisa McCall in the Hayneville office when she was ranting and raving about a borrower and saying that she (McCall) was going to beat the borrower up. She was flying off the handle and I told her to shut up, that she wasn't going to do anything. I do not remember telling her if she talked to the borrower she would be sorry. I may have had more conversations with white employees but I never verbally harassed or used an angry tone toward Lisa McCall or Arlesa Hunter.

4. I do not remember telling Lisa McCall or Arlesa Hunter to move furniture or heavy files. If the work needed to be done I would have told whomever was available to do it. I would not have assigned the work to a particular person based on their race.

5. Lisa McCall and Arlesa Hunter were already sitting at tables without computers and phones when I was assigned to the Luverne office in March of 1997. I was not the supervisor when these work spaces were assigned. In July of 1996 the State office conducted a mock RIF and we knew that a real RIF would be coming and that we would be losing staff. I was instructed by ~~Horace Horn~~ John SASSER ALP that we were not to transfer any extra furniture and equipment from Hayneville to Luverne because of the RIF. When the Hayneville office was closed, three employees were transferred to Luverne so there were six clerks and a supervisor in a small office in Luverne.

Page 2 of 4                                                                                       Initials___ALP___

6. I do not remember who kept the time records or if that responsibility was transferred from one employee to another.

7. I do not remember calling Lisa McCall and telling her to file annual statements in the file cabinet and send files to St. Louis but it does not sound like an unreasonable directive.

8. I vaguely remember a situation where Arlesa refused to go somewhere but I don't remember the details. I do not remember John Sasser speaking to Arlesa Hunter in any hostile way.

9. I had nothing to do with the RIF or with the placement of employees on the Reemployment Priority List. I do not know anything about Lisa McCall applying for a job in Mobile.

10. I did not treat black borrowers differently than white borrowers. Most of the borrowers I dealt with were black. I do not remember any borrowers yelling or cursing at me.

11. When Lisa McCall worked at Hayneville she was prompt and came to work as she was supposed to but she had some problems calculating and tracking payments and writing letters. These were things that you could deal with but she definitely was not an ideal employee.

Page 3 of 4                                                                 Initials __ALP__

12. After transfer to Luverne, Lisa McCall did not do anything but sit at her table all day. I would give her assignments and she would not do them. I just let it go because I did not want the fight since she would be subject to the RIF in a month. For example, I asked Lisa McCall and Arlesa Hunter to integrate the Lowndes County files into the existing files. They did not do any of this work while I was there. Patsy Williams and I ended up doing a lot of the work.

13. I did not discriminate against Lisa McCall on the basis of her race and color. I do not believe that she was discriminated against on the basis of her race and color.

I have read this statement, consisting of 4 pages, and it is true, complete, and correct to the best of my knowledge and belief.

_____*Cutha P. Powers*_____
Signature

_____1-30-2001_____
Date

Signed and sworn to before me on this 30th day of January, 2001, at Camden, Wilcox County, AL.

_____*Cynthia Baxter*_____
Neutral witness, notary, or Investigator

Page 4 of 4.                                                      Initials _ACP_

# PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES
# (OTHER THAN COMPLAINANT)
# FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

## EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____  _____
Signature of Interviewer           Signature of Affiant

1-25-01                            Montgomery AL
_____  _____
Date                               Place