# EXHIBIT 28

STATE OF ALABAMA

COUNTY OF MONTGOMERY

### AFFIDAVIT OF QUINTON X. HARRIS

I, Quinton X. Harris, make the following statement freely and voluntarily to Romaine L. White, who has identified herself to me as a Contract EEO Investigator for the following federal agency: U.S. Department of Agriculture (USDA), investigating a complaint of discrimination filed by Lisa McCall, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear or affirm:

1. I am employed as a Single Family Housing Loan Specialist, GS-12, in the USDA Rural Development, State Office, Single Family Housing Section. My immediate supervisor is Van McCloud, Single Family Housing Program Director. My second line supervisor is State Director Ann Payne. My race and color are black.

2. From 1995 through approximately January of 1997, I was employed as Community Development Manager in Luverne, Alabama. My immediate supervisor at the time was John Sasser, Rural Development Manager, and my second line supervisor was State Director Horace Horn. I was instructed to close the Hayneville office in November of 1996 and transfer the three employees in that office to Luverne. The three employees who transferred were Arlesa Hunter, Lisa McCall and Patsy Williams.

Page 1 of 3                                                          Initials  QXH

3. After the relocation of the Hayneville employees, there were seven employees in the Luverne office, including myself. I was responsible for assigning work spaces to the relocated employees. The office had three enclosed offices and two desks in the open. I used one of the offices and the two technicians used the other offices. One office was already occupied by the Luverne technician and Patsy Williams, the technician transferred from Hayneville, was placed in the other office. The desks were occupied by the two clerks who were already assigned to the Luverne office. The only space left was the open space in the office, where I placed two tables for Arlesa Hunter and Lisa McCall. I arranged the tables to allow them some privacy. They did not have phones or computers on their desk but they did have access to a computer in the corner. The office was too small to run additional cables for computers and phones. Additionally, it was not practical to order new furniture or install computers and phones since we had been notified that a Reduction in Force was coming. I arranged the employees as best I could given the limited space available.

4. During the time that Lisa McCall was under my supervision, I did not get good feedback from her. I did not feel that she was giving her job her best effort.

5. I had no involvement in determining who was subject to the reduction in force or who was placed on the reemployment priority list. I do not know anything about Lisa McCall applying for a job in Mobile.

Page 2 of 3                                                    Initials _QXH_

6.  I was promoted and left the Luverne office in approximately January of 1997. Art Powers was detailed to manage the Luverne office. I did not overlap with Art Powers and did not observe him interact with Lisa McCall. I do not believe that Art Powers would discriminate against her on the basis of her race and color. I do not believe that Lisa McCall was discriminated against on the basis of her race and/or color.

I have read this statement, consisting of 3 pages, and it is true, complete, and correct to the best of my knowledge and belief.

*Quinton K. Harris*
Signature

1/31/01
Date

Signed and sworn to before me on this 31st day of January, 2001, at Montgomery, AL.

*Sherrie S. Pudver*
Neutral witness, notary, or Investigator

Page 3 of 3.                                                                                             Initials QKH

# PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES
## (OTHER THAN COMPLAINANT)
## FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

### EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____  _____
Signature of Interviewer                    Signature of Affiant

1/25/01                                               Montgomery AL
_____  _____
Date                                                   Place