# EXHIBIT 29

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| LISA McCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:  **02:06-cv-039-MHT** |
| | ) |
| MIKE JOHANNS, Secretary, | ) |
| United States Department | ) |
| of Agriculture, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF BARBARA BENNETT

My name is Barbara Bennett. I am over the age of 18 years and a resident of

Elmore County, Alabama. I was employed by the United States Department of

Agriculture from approximately 1979 until my retirement in 2003. The statements made

in this declaration are based upon my personal observations and / or involvement with the

events and incidents described unless otherwise noted.

From approximately 1996 until my retirement in 2003 I was employed as the

Administrative Program Director, Rural Development, USDA. In that position I was

responsible, statewide, for oversight of all human resources functions, budget, contracting

/ procurement, information resources, and administrative services.

In 1996 it was determined that RD, as part of a reorganization of the agency

necessitated by budget cuts for fiscal year 1997, would undergo a consolidation of offices

and functions as well as reduction in force (RIF). I was amongst the group of senior

employees who developed, drafted and finally implemented the plan for consolidation and the RIF. This group of senior employees was made up of both African-Americans and Caucasians, as well as males and females.

In determining which offices to consolidate, which would, in turn, directly affect the personnel in each office consolidated, the group sought to equalize caseloads, the geographic area served and the number of staff that would be necessary to provide customer service. At no times during our discussions was anything discussed, mentioned and / or suggested that lead me to believe that any one person, or the group as a whole, was harboring any racial and / or retaliatory animus against the plaintiff specifically, or any employee generally, of the agency.

As was required, the plan was subject to the approval of the appropriate Under Secretary of USDA, which was given on June 27, 1996. The approved plan called for consolidation of offices such that the number of local offices was reduced from 33 to 18. Similarly, the approved plan provided that the full time work force would be reduced from approximately 192 to approximately 152 employees.

Regarding the case in point, the Lowndes Local Office (Hayneville) was authorized 5 employees prior to the reorganization:

> 1 - GS-11 Community Development Manager;
>
> 1 - GS-7 Community Development Technician;
>
> 1 - GS-5 Community Development Assistant; and
>
> 2 - GS-4 Community Development Assistants (1 vacant).

Page 2 of 5

The Crenshaw Local Office (Luverne) was authorized 5 employees as well:

> 1 - GS-11 Community Development Manager;
>
> 1 - GS-9 Community Development Technician (vacant);
>
> 1 - GS-6 Community Development Assistant; and
>
> 2 - GS-5 Community Development Assistants.

Following the consolidation the Crenshaw Local Office (Luverne) was authorized 3 employees:

> 1 - GS-11 Community Development Manager;
>
> 1 - GS-6/7 Community Development Technician; and
>
> 1 - GS-4/5 Community Development Assistant;

to service the agency's customers in Lowndes, Butler and Crenshaw counties. Moreover, for reasons discussed below, the 6 persons employed in the 2 offices in the positions below Community Development Manager were required to compete for the 2 positions that remained in the one consolidated office.

The RIF was done in accordance with the procedures set forth in 5 C.F.R. 351, *et seq.*. As required therein, a competitive area was developed. We determined that the competitive area for the Crenshaw Local Office was to be made up of Butler, Crenshaw and Lowndes counties.

The next step was to determine the retention standing of each employee then assigned to each of the agency offices then existing in the competitive area. As there were only 2 offices within the competitive area, the employees of the Crenshaw Local

Office and the Lowndes Local Office were ranked for retention purposes. The retention standing of each employee was determined on the basis of their tenure of employment, veteran preference, length of service and performance. As to performance, each employee's tenure of employment was adjusted based on their performance ratings for the three preceding years. The higher the employee's performance ratings, the more years that were added to his / her tenure of employment.

Ordinarily, each employee at each GS level is ranked against the other employees of the same GS level within the competitive area. In this particular situation, however, the position in the Crenshaw Local Office for which the plaintiff was eligible was ranked a GS-4/5 position. Consequently, the position was to be offered in the first instance to the highest ranked of either an existing GS-5, or a GS-4, given the GS-4 was then otherwise eligible for promotion to GS-5. In this instance, the plaintiff, a GS-4; Ms. Arlesa Hunter, a GS-5; and Ms. Betty Reynolds, a GS-5, competed for the one GS-4/5 position. On the basis of the criteria discussed above, Ms. Reynolds ranked first, Ms. Hunter ranked second, and the plaintiff ranked third. In accordance with the regulations, Ms. Reynolds was to be offered the position first, and if she declined Ms. Hunter was next. Only if both of these employees declined the position was the plaintiff possibly eligible to accept the position, contingent on whether she met the qualifications to be promoted.

The plaintiff, as well as the other 10 employees of RD that were ultimately terminated due to the RIF, were not terminated on the basis of any subjective criteria

other than the degree to which their performance appraisals over the three years preceding the RIF were utilized to formulate their adjusted tenure of service. In fact, I cannot recall any discussions amongst the senior group of employees that focused upon the impact of the consolidation of offices and / or the RIF upon the plaintiff or any other particular employee of RD. The RIF, as well as the consolidation of the local offices, was done in accordance with the applicable regulations, did not focus on any particular person, persons or group of persons on the basis of race and / or prior EEO activity.

In accordance with 28 U.S.C. ' 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of April, 2007.

Barbara Bennett