PLAINTIFF'S EXHIBIT 31

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE

| | |
|---|---|
| LISA MC CALL,<br>　　　　Appellant, | DOCKET NUMBER<br>AT-3443-02-0020-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　Agency. | DATE: OCT 23 2001 |

Robert Rash, Esquire, and Gary Atchison, Esquire, Montgomery, Alabama, for the appellant.

Linda Zamarione, St. Louis, Missouri, for the agency.

BEFORE
Pamela B. Jackson
Administrative Judge

## INITIAL DECISION

### INTRODUCTION

On October 1, 2001, the appellant, Lisa McCall, sought to appeal her non-selection for a GS-5 position. The appellant held the position of Community Development Assistant, GS-4, at the U. S. Department of Agriculture, in Luverne, Alabama.

Inasmuch as there is no factual dispute regarding the jurisdictional issue, the hearing the appellant requested was not held. *See Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984). For the reasons stated below, the appeal is dismissed for lack of jurisdiction.

## JURISDICTION

The Board's jurisdiction is limited to those areas specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a); *Cowan v. United States,* 710 F.2d 803, 805 (Fed. Cir. 1983). An appellant has the burden of proving by preponderant evidence that the action she seeks to appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2).

On October 4, 2001, I issued an order informing the parties of the jurisdictional issue and affording them an opportunity to respond. The appellant's response to the jurisdictional issue has been considered in the instant decision.

The record reflects that the appellant applied for the position of Rural Development Assistant, GS-5, and various other secretarial positions, but was not selected for any of the positions for which she applied. It is well-settled, however, that the Board does not have jurisdiction over non-selections. *Tines v. Department of Air Force,* 56 M.S.P.R. 90, 93 (1992); *Tankesley v. Tennessee Valley Authority,* 54 M.S.P.R. 147, 150 (1992). Furthermore, an allegation of discrimination does not confer Board jurisdiction over an otherwise unappealable matter. *Anderson v. National Aeronautics and Space Administration,* 5 M.S.P.R. 476, 478 (1981). For these reasons, I find that the appellant has failed to establish that the Board has jurisdiction over the matter she wishes to appeal.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:         *Pamela B. Jackson*
                       Pamela B. Jackson
                       Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on __DEC 03 2001__, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

> The Clerk of the Board
> Merit Systems Protection Board
> 1615 M Street, NW.,
> Washington, DC 20419

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be postmarked, faxed, or hand-delivered no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you fail to provide a statement with your petition that you have either mailed, faxed, or hand-delivered a copy of your petition to the agency, your petition will be rejected and returned to you.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

> The United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, NW.
> Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail this day to each of the following:

Appellant

Lisa Mc Call
P.O Box 20924
Montgomery, AL  36120

Appellant's Representative

Robert Rash, Esq.
492 South Court St
Montgomery, AL  36104

Agency's Representative

Linda Zamarione
U.S. Dept of Agriculture
Rural Development
FC-61
1520 Market Street
St. Louis, MO  63103

Other

Kenneth L. Bates
U.S. Office of Personnel Management
Employee Relations Division
1900 E Street, NW, Room 7412
Washington, DC 20415

October 29, 2001

William Fuller, Jr.
Paralegal Specialist