PLAINTIFF'S EXHIBIT 34

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

| | |
|---|---|
| IN THE MATTER OF: | ] |
| Lisa McCall, | ] EEOC #130-2004-08002-X |
| Complainant, | ] |
| vs. | ] |
| | ] AGENCY #990582RD |
| Ann M. Veneman, Secretary, USDA (Rural Development), | ] |
| Agency. | ] |

## ACKNOWLEDGMENT AND ORDER

This acknowledges receipt of the complainant's request for a hearing. 29 C.F.R. § 1614.109 and Chapter 7 of EEOC Management Directive 110, November 9, 1999 (EEO MD-110) govern the conduct of hearings. The regulations and EEO MD-110 are available on the Commission's website at www.eeoc.gov.

The Administrative Judge whose name appears below has been assigned to preside over this complaint. Failure to follow the orders of the Administrative Judge or to comply with the Commission's regulations may result in sanctions. *See* 29 C.F.R. § 1614.109(f)(3). When a conflict between the parties arises, the parties should attempt to resolve the conflict themselves before bringing it to the attention of the Administrative Judge.

I. **CORRESPONDENCE AND MOTIONS**

Each party must provide the opposing party with a copy of all correspondence that he/she sends to the Administrative Judge. The attachment of a certificate of service may demonstrate that the opposing party was provided a copy. Failure to provide a copy of submissions to the opposing party may result in return of such submissions without consideration. The parties are reminded of their ongoing obligation to keep this office informed of their current mailing address. Other than to clarify a procedural issue or during alternative dispute resolution, it is inappropriate for the parties to engage in *ex parte* (one-sided) communication with the Administrative Judge.

Extensions of filing dates and postponements will not be granted, absent a prompt request in writing and a showing of good cause. Failure by complainant to obtain representation, or failure by the agency to assign this matter to a representative, will not be grounds for postponement.

On any request or motion, the requesting party shall state that he/she has made a good faith effort to resolve the matter with the non-moving party and, where appropriate, indicate whether the opposing party has an objection to the request or motion. All motions should be accompanied by a proposed order granting the relief requested in the motion.

## II.   DESIGNATION OF REPRESENTATIVE

The parties are entitled to be represented. However, the complainant is not required to be represented. The EEOC does not provide representatives for either party. Even if the complainant has previously designated a representative for EEO counseling and agency investigation of the complaint, he/she must renew that designation for the purpose of EEOC processing of this complaint. The parties must inform this office of the name, address and telephone number of his/her respective representative. If that representative changes, or if a currently unrepresented complainant obtains representation in the future, the party shall notify the Administrative Judge and the other party immediately. **(Please see the Supplemental Order below, for further guidance)**.

## III.   PARTIAL DISMISSALS

The parties have thirty (30) calendar days from receipt of this Order to identify any claims the agency has dismissed from the complaint during the agency investigative process, pursuant to 29 C.F.R. § 1614.107(a), and to comment on the appropriateness of each dismissal. Once the opportunity for identification and comment has passed, the Administrative Judge will determine, pursuant to 29 C.F.R. § 1614.107(b), the appropriateness of the agency's decision to dismiss each claim. If the complainant fails to oppose in writing the dismissal of a claim within the thirty (30) day comment period, the opportunity to have the dismissal reviewed by the Administrative Judge shall be deemed waived. **(Please see the Supplemental Order below, for further guidance)**.

## IV.   SETTLEMENT

Within thirty (30) calendar days of receipt of this Order, the parties are directed to contact each other to define the claim(s) presented, to develop stipulations (*i.e.*, agreements between the parties that certain facts are true for purposes of adjudicating this complaint) and to discuss settlement. The parties must discuss specific settlement proposals. The agency must designate an individual with settlement authority to attend settlement discussions convened by an Administrative Judge. **(Please see the Supplemental Order below, for further guidance)**.

## V. DISCOVERY

The parties are hereby notified of their right to seek discovery prior to the hearing in accordance with 29 C.F.R. § 1614.109(d). The parties must cooperate with each other in honoring discovery requests. The parties are expected to initiate and complete needed discovery with a minimum of intervention by the Administrative Judge. **Except as indicated below, copies of interrogatories, requests for production of documents, requests for admissions, deposition notices and transcripts, and responses to such should not be sent to the Administrative Judge.**

A. Discovery shall be completed within seventy-five (75) calendar days from the date of receipt of this Order unless otherwise directed by the Administrative Judge. If the parties agree between themselves to extend discovery deadlines that would, in turn, extend the 75-day deadline, the parties must seek the Administrative Judge's prior approval.

B. The method and scope of discovery shall be subject to the following:

1. Interrogatories shall be limited to one set. The set of interrogatories shall contain no more than thirty (30) questions including subparts.

2. Requests for production of documents must be specific and identify the documents or types of documents requested. Requests for production of documents shall contain no more than thirty (30) requests including subparts.

3. Requests for admissions shall not exceed thirty (30) in number including subparts. This limit does not apply to admissions relating to the authenticity of documents.

4. The agency must make employees available for deposition. In addition, the agency must arrange for the appearance at deposition of former employees currently employed by the federal government.

**Absent prior approval from the Administrative Judge, a party must initiate discovery within twenty (20) calendar days of receipt of this Order.** If a party does not submit a timely discovery request, the Administrative Judge may determine that the party has waived the right to pursue discovery.

A party must respond to a request for discovery within thirty (30) calendar days from receipt of the request. Requests for discovery and objections to such requests must be specific. A notice of deposition does not require a written response; however, any objection to a notice of deposition must be served promptly on the moving party. A deposition may be noticed and taken at any time during the discovery period.

Discovery motions, including motions to compel, must be filed within ten (10) calendar days after receipt of a deficient response or after the response to the discovery is due, whichever occurs first. Motions to compel and other discovery motions must be accompanied by the discovery requests and the non-moving party's responses and a declaration stating that the moving party has made a good faith effort to resolve the discovery dispute. The declaration shall indicate the efforts made to resolve the dispute and identify which items remain in dispute. Statements in opposition to discovery motions must be filed within ten (10) calendar days of receipt of the motion. Rulings will be made based upon the written submissions. The failure to timely file objections to discovery may result in the objections being deemed waived. **(Please see the Supplemental Order below, for further guidance regarding discovery)**.

## VI. SANCTIONS FOR FAILURE TO FOLLOW ORDERS

Failure to follow this Order or other orders of the Administrative Judge may result in sanctions pursuant to 29 C.F.R. § 1614.109(f)(3). The Administrative Judge may, where appropriate:

(A) Draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

(B) Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(C) Exclude other evidence offered by the party failing to produce the requested information or witness;

(D) Issue a decision fully or partially in favor of the opposing party; or

(E) Take such other actions as appropriate. **(Please see the Supplemental Order below, for further guidance)**.

## VII. DECISION WITHOUT A HEARING

Pursuant to 29 C.F.R. § 1614.109(g)(1), a party may file a motion for summary judgment if that party believes that some or all material facts are not in genuine dispute and there is no genuine issue as to credibility. **A motion for summary judgment must include a statement of the undisputed material facts.** Unless otherwise ordered by the Administrative Judge, a motion for summary judgment must be filed not later than fifteen (15) days after the close of discovery; the opposing party will then have fifteen (15) days from receipt of the motion in which to file a response; and the moving party will then have five (5) days from receipt of the response to file a reply. Motions for summary judgment, and responses to such motions, shall contain specific citations to referenced evidence (*e.g.*, cite the specific pages of the report of investigation, or other submitted evidence, in support of an argument).

The Administrative Judge may also issue summary judgment on his/her own initiative, pursuant to 29 C.F.R. § 1614.109(g)(3).

An Administrative Judge may also dismiss a complaint pursuant to 29 C.F.R. § 1614.109(b) for any of the reasons set forth in 29 C.F.R. § 1614.107(a). The Administrative Judge may dismiss complaints on his/her own initiative, or upon the Agency's motion to dismiss a complaint.

## VIII. AMENDMENT AND CONSOLIDATION OF COMPLAINTS

Pursuant to 29 C.F.R. § 1614.106(d), the complainant may move to amend his/her complaint to add claims that are like or related to the original complaint. In order to amend the complaint, the complainant shall submit a motion as early as possible to the Administrative Judge stating the new claim, the date(s) when it occurred, and why it is like or related to the original complaint. The Administrative Judge may amend the original complaint to include the new claim(s) if he/she finds the new claim is like or related to the original complaint. Motions to amend filed late in the process may be denied.

The Administrative Judge also has discretion to consolidate complaints pursuant to 29 C.F.R. § 1614.606. The parties shall advise the Administrative Judge in writing of any other complaint(s) pending at any stage of processing and should include all case number(s) or other information identifying such complaint(s). **(Please see the Supplemental Order below, for further instructions)**.

It is so ORDERED.

For the Commission:

*Clarence Bell*
CLARENCE BELL
Administrative Judge

*********************************************************************

## SUPPLEMENTAL ORDER
### *REVISED*

**1. Responding to Motions**: Unless otherwise authorized by the Administrative Judge, any party who is served with a Motion to Dismiss, or a Motion for Summary Judgment shall have 15 days from the date of the receipt of such motion to submit a response to the Administrative Judge. To expedite the processing of this case, Motions to Dismiss or Motions for Summary Judgment should be submitted as early as possible, upon receipt of this order. All Motions for Summary Judgment must list the undisputed facts which the party contends warrant a decision being issued in their favor. In addition to a paper copy, all motions should be submitted as an e-mail

attachment, by all parties who have e-mail capability. The Administrative Judge's e-mail address is listed below.

1(a). **Submission of Documents:** Any documents that a party desires the Administrative Judge to consider must be submitted by mail. <u>No documents shall be submitted to the Administrative Judge by fax, without prior permission</u>.

2. **Designation of Representative**: All "attorney" representatives must provide their Bar Identification information.

3. **Partial Dismissals:** To fulfill the requirements of this paragraph, the Complainant shall do the following: (i) clearly and concisely list the allegation of discrimination which he/she contends was inappropriately dismissed. (ii) clearly and concisely list the Agency's reason for dismissing the allegation of discrimination; and (iii) clearly and concisely state why he/she believes the Agency's dismissal was inappropriate.

If an allegation of discrimination was dismissed by the Agency because of untimeliness, the Complainant shall list the date(s) of the alleged discriminatory act(s), and the date(s) on which contact was first made with an EEO counselor. If contact with the EEO counselor was not made within forty-five (45) days of the alleged discriminatory act, the Complainant shall explain in detail the reason(s) for the delay in contacting an EEO counselor.

4. **Settlement:** If the Complainant is requesting monetary relief, he/she must submit his/her request in an "itemized format". The Agency shall accept, reject, or propose a counter offer, within 10 days of receiving the Complainant's offer. The Administrative Judge shall be immediately notified, if a settlement agreement is reached.

5. **Discovery & Supplementation of the Investigative Record:** Discovery requests should be sent to the party from whom discovery is sought, and not to the Administrative Judge. Discovery is limited to the accepted issues and bases in the current case(s). If discovery is not completed within 75 calendar days of the date of this order, it will be deemed to have been waived. The Investigative Record can be supplemented at anytime, during the 75 day discovery period, without requesting permission from the Administrative Judge. <u>If submitted by mail, any supplemental evidence must be post-marked, so that it will be received by the Administrative Judge, no later than 80 days from the date of this order</u>.

Any documents or other evidence that is submitted to supplement the Investigative Record <u>must</u> identify the issue or allegation of discrimination to which it relates. Further, the party who submits such information <u>must</u> explain, in <u>detail</u>, why the information is relevant and how it proves/disproves the act of discrimination that is alleged. The parties <u>shall not</u> submit entire depositions or other publications. Only that part of the deposition or other publication that is relevant shall be submitted. **The documents must be numbered sequentially, beginning with the**

number one (1). <u>Further, any documents submitted, in response to this order, or in response to the motion of a party, shall be affixed together with a staple, or some other type of fastener.</u>

6. **Discovery Disputes:** A Motion to Compel must be filed within ten (10) calendar days after the expiration date for responding to a request for discovery. Motions to compel that are submitted beyond the 75 days allowed for discovery and the supplementation of the Investigative record will be deemed to be untimely. The Administrative Judge will normally grant a <u>meritorious</u> Motion to Compel, without awaiting a response from the party against whom the motion is filed, where the party against whom the motion is filed has not submitted any prior objections, or sought a protective order. Any objections or motion for a protective order shall set forth a basis for finding that the discovery request is irrelevant, overburdening, repetitious, or privileged.

7. **Damages:** If the Complainant is seeking compensatory damages, he or she must submit to the Agency and to the Administrative Judge an <u>itemized list</u> of the dollar amount of all such damages, for which a claim is being made. Further, the Complainant shall disclose to the Agency and to the Administrative Judge all evidence on which a claim for compensatory damages is based. Such evidence may include copies of doctor's bills or other documents which show actual expenditures by the Complainant. All such aforementioned disclosures shall be made within (40) days of the date of this order.

8. **Witnesses:** Each party shall send to this office, with a copy to the opposing party, a list of the persons that party requests to call as witnesses at the hearing, within 30 days of receipt of this order. The witness request shall include the name, position, and location of each requested witness, a brief description of the testimony each requested witness is expected to provide, and a statement of the relevancy of that testimony to claims in the complaint.

Testimony or other evidence that does not tend to prove or disprove a fact that is at issue is not relevant, and will not be considered by the Administrative Judge. Consequently, in summarizing a witness' expected testimony, the party shall provide enough detail to enable the Administrative Judge to determine the relevancy of such expected testimony. <u>In describing a witness' testimony, a party shall specifically state what the witness will say.</u> [*Example: John Doe will state that my co-worker, Jane Doe, was treated more favorably than me. Jane was allowed to take computer training; and I was not. We work for the same supervisor; and both of us need computer training to advance in our jobs, etc.*]

Generally, the Administrative Judge will approve/disapprove witnesses depending on whether or not the testimony is relevant, material or unduly repetitive. Only witnesses that are approved may testify at a hearing. If an approved witness is employed by the Agency named in the complaint, then that Agency must provide for that witness' appearance at the hearing (including any costs associated therewith). The Agency Representative shall assist in making available any approved witness employed by another federal Agency. <u>If an approved witness is not a federal employee, then the party requesting that witness must make all arrangements for the presence of that witness at the hearing (including any costs associated therewith).</u>

**9. Sanctions for Failure to Follow Order(s):** A failure by the Complainant, in the absence of a timely request for an extension, to comply with this supplemental order or the Acknowledgment and Order, "will" be considered an abandonment or a waiver of his/her request for a hearing.

**10. Proposed Findings of Fact:** The Parties shall (no later than 80 days from the date of this order) submit, to the Administrative Judge, an outline of the "Undisputed Facts" which they contend warrant a decision being rendered in their favor. The proposed fact shall identify the location of the evidence, in the Investigative File on which it is based. If the proposed fact is based on supplemental evidence, such supplemental evidence shall also be identified.

In addition to a "regular paper copy," the Parties shall submit the following documents as an E-Mail Attachment, if they have E-Mail capability: (1) Proposed Findings of Fact and Conclusions of Law, (2) Motions For Summary Judgment, or for Findings and Conclusions without a Hearing (3) Motions to Compel, (4) Joint Stipulations, and (5) Motions to Extend Discovery Timeframes. The Administrative Judge's E-Mail Address is: **clarence.bell@eeoc.gov**

**11. Amendment & Consolidation of Complaints:** A motion or request to amend a complaint must be submitted to the Administrative Judge within 30 calendar days of the date of this order. The parties shall advise the Administrative Judge in writing, within 30 calendar days of the date of this order, of any other complaints pending at any stage of processing which need to be consolidated with this case. Case numbers or other information identifying such complaint must be provided.

**12. Final Agency Decision Without Hearing:** It normally takes the Administrative Judge about 180 days to process a Complaint of Discrimination. A Complainant, however, may expedite the processing of his/her case, by requesting a Final Agency Decision, without a hearing. The enclosed form should be completed and returned to the Administrative Judge, if the Complainant desires to expedite the processing of the above Complaint of Discrimination.

**13. Incomplete Investigation:** If a hearing, before an EEOC Administrative Judge, is requested, before the Agency has completed its investigation of the Complainant's allegations of discrimination, the Agency should continue its investigation, and forward the Investigative File to the Administrative Judge, within 60 days of the date of this order, or show cause why the investigation cannot be completed within the specified 60 day period.

**14. Investigators Report of Investigation:** The Agency's Representative is hereby instructed to obtain a magnetic, or electronic copy of the Investigator's **Report of Investigation** ("ROI"). If the ROI is available in electronic or magnetic format, the Agency's Representative shall e-mail a copy as an e-mail attachment to the Administrative Judge within forty-five (45) days of receipt of this Order. If at all possible, the ROI should be sent as a Word-perfect document.

It is so ORDERED.

For the Commission:

*Clarence Bell*
CLARENCE BELL
Administrative Judge
clarence.bell@eeoc.gov

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ACKNOWLEDGMENT AND ORDER and SUPPLEMENTAL ORDER within five (5) calendar days after the date they were sent *via* first class mail. I certify that, on the date listed below, the foregoing ACKNOWLEDGMENT AND ORDER and SUPPLEMENTAL ORDER were sent *via* first class mail to the following:

Lisa McCall
Post Office Box 2094
Montgomery, AL 36124

Lisa McCall
251 Sullivan Trace
Montgomery, AL 36105

Cheryl Prejean Greaux, Director
Civil Rights, Rural Development
U.S. Department of Agriculture
Stop 0703 South Building
1400 Independence Avenue, SW
Washington, D.C. 20250-0703
Tele: 202-692-0204
Fax: 202-692-0095

Date: 10/8/2003

*Clarence Bell*
CLARENCE BELL
Administrative Judge

9