# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

*Received Cert.
by DL
Mail Oct 3, 2002
MEA*

PLAINTIFF'S
EXHIBIT
35
PENGAD 800-631-6989

LISA MC CALL,

      Appellant,

    v.

DEPARTMENT OF AGRICULTURE,

      Agency.

DOCKET NUMBER
AT-3443-02-0020-I-1

DATE: SEP 27 2002

---

Robert Rash, Esquire, and Gary Atchison, Esquire, Montgomery, Alabama,
  for the appellant.

Linda Zamarione, St. Louis, Missouri, for the agency.

### BEFORE

Susanne T. Marshall, Chairman
Beth S. Slavet, Member

### OPINION AND ORDER

¶1     The appellant petitions for review from the initial decision that dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we find that the petition does not meet the criteria for review set forth at 5 C.F.R. § 1201.115, and we therefore deny it. We REOPEN this case on our own motion under 5 C.F.R. § 1201.118, however, VACATE the initial decision, and REMAND the appeal.

## BACKGROUND

¶2     The appellant was employed by the agency as a GS-4 Community Development Assistant. Initial Appeal File (IAF), Tab 1 at 2. In June 1996, she applied, but was not selected, for a GS-5 position. IAF, Tab 6, subtabs 4c-4e, 4g. In April 1997, she was separated from her GS-4 position by reduction in force (RIF). IAF, Tab 1 at 2. She then filed an equal employment opportunity complaint with the agency. She alleged that the agency discriminated against her on the basis of her race by not selecting her for the GS-5 position, which she alleged was exempt from the RIF; by harassing her before her RIF separation; by effecting the RIF separation; and by not placing her on the re-employment priority list (RPL). IAF, Tab 6, subtab 4b. On August 17, 2001, the agency issued a final decision finding that the evidence was insufficient to establish the complaint of racial discrimination as to any of the claimed agency actions, and instructing the appellant that her right of appeal as to all the claimed actions was to the Board, not the Equal Employment Opportunity Commission (EEOC). *Id.*

¶3     The appellant, by her attorney, filed a mixed case petition for appeal of the agency's RIF separation action and of her non-selection for the GS-5 position with the Board, alleging that these actions were based on racial discrimination, and requested a hearing. IAF, Tab 1 at 2-4. Additionally, as an affirmative defense, the appellant stated: "I was not placed on the Re-employment list, while [w]hites were. I was not notified of job openings while [w]hites were."[*] *Id.* at 3. In an acknowledgment order in this case, the administrative judge advised the appellant that she had the burden of establishing jurisdiction over her non-selection for promotion, to which the appellant responded. IAF, Tabs 2, 5.

---

[*] We note that the RIF appeal was docketed separately. An administrative judge found that the Board has jurisdiction over the RIF appeal, but dismissed that appeal with prejudice as withdrawn in an initial decision that became final on February 14, 2002. *McCall v. Department of Agriculture*, MSPB Docket No. AT-0351-02-0019-I-1 (Initial Decision, Jan. 10, 2002).

Based on the record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the Board does not have jurisdiction over non-selections, and that absent an appealable matter, the Board also lacks jurisdiction over the appellant's discrimination claim. Initial Decision (ID) at 2.

¶4    In her petition for review, the appellant, by her attorney, requests that the Board "transfer" her discrimination case to the EEOC, and has attached a "Petition for Review To The EEOC" which she alleges has been simultaneously filed with the EEOC. Petition for Review File, Tab 1. The agency has not filed a response to the petition.

## ANALYSIS

¶5    The appellant's petition for review does not establish that new and material evidence is available that, despite due diligence, was not available when the record closed. Nor does it establish that the decision of the administrative judge is based on an erroneous interpretation of statute or regulation. Moreover, we note that, contrary to the appellant's request, the Board has no authority to transfer cases to the EEOC, and the appellant cites no such authority. *See Wright v. Department of Veterans Affairs*, 85 M.S.P.R. 358, ¶ 31 (2000). Thus, the appellant's petition fails to meet the criteria for review under 5 C.F.R. § 1201.115, and we therefore deny it.

¶6    Nevertheless, we reopen this appeal to address the issue of whether the appellant received proper notice of the elements of proof required to establish Board jurisdiction over her reemployment priority rights appeal. A competitive service employee entitled to priority consideration may appeal a violation of her restoration rights to the Board by presenting factual information that her reemployment priority rights were violated because of the employment of another person who otherwise could not have been appointed properly. *Sherrod v. Department of the Navy*, 90 M.S.P.R. 347, ¶ 26 (2001); 5 C.F.R. § 330.209. As

noted above, the RIF element of the appellant's appeal was docketed separately, and dismissed with prejudice as withdrawn in a separate initial decision that became final on February 14, 2002. The Board has held, however, that separation by RIF is not a jurisdictional requirement for a reemployment priority rights appeal. *Sturdy v. Department of the Army*, 88 M.S.P.R. 502, ¶ 19 (2001); *see also Woodington v. Department of the Navy*, 88 M.S.P.R. 689, ¶¶ 6-7 (2001).

¶7        Here, the appellant appealed the agency's final decision that found the evidence insufficient to establish her claims of racial discrimination, including her claim that she was not placed on the RPL due to racial discrimination. IAF, Tab 1 at 3; Tab 6, subtab 4b. In her appeal, she alleged that she was not placed on the RPL "while [w]hites were." IAF, Tab 1 at 3. While it is unclear whether the appellant specifically raised a nonfrivolous allegation that her priority employment rights were violated because of the employment of another person, the appellant must be apprised of what she must establish in order to invoke the Board's jurisdiction. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, the acknowledgment order did not provide the appellant with explicit notice of what was required to establish Board jurisdiction over her reemployment priority rights appeal. IAF, Tab 2 at 3. Furthermore, neither the agency's submissions nor the initial decision set forth the jurisdictional requirements of a reemployment priority rights appeal. IAF, Tab 6; ID at 1-2. Accordingly, we must remand this appeal to the regional office to provide the appellant with the opportunity to establish Board jurisdiction over her reemployment priority rights appeal after she has been provided with proper *Burgess* notice. *See, e.g., Sherrod*, 90 M.S.P.R. 347, ¶ 27; *Woodington*, 88 M.S.P.R. 689, ¶¶ 6-8.

### ORDER

¶8        We forward the appellant's reemployment priority rights appeal to the Atlanta Regional Office for further adjudication consistent with this Opinion and

Order.   On remand, the administrative judge shall inform the appellant of the requirements for establishing Board jurisdiction over her reemployment priority rights appeal, and shall afford the appellant an opportunity to allege facts which, if proven, would establish that the matter is within the Board's jurisdiction.


FOR THE BOARD:

*Bentley M. Roberts, Jr.*
Bentley M. Roberts, Jr.
Clerk of the Board

Washington, D.C.

<u>CERTIFICATE OF SERVICE</u>

I certify that this OPINION AND ORDER was sent today:

By certified mail to:

>Robert Rash, Esq.
>492 South Court St
>P.O. Box 2002
>Montgomery, AL  36104
>
>Gary Atchison, Esq.
>P.O. Box 2002
>492 South Court St.
>Montgomery, AL  36102-2002

By regular mail to:

>Lisa Mc Call
>P.O Box 20924
>Montgomery, AL  36120
>
>Linda Zamarione
>U.S. Dept of Agriculture
>Rural Development
>FC-61
>1520 Market Street
>St. Louis, MO  63103
>
>Kenneth L. Bates
>U.S. Office of Personnel Management
>Employee Relations Division
>1900 "E" Street, N.W., Room 7412
>Washington, DC  20415
>
>Merit Systems Protection Board
>Atlanta Regional Office
>401 West Peachtree Street, N.W.
>Suite 1050
>Atlanta, GA  30308

By hand to:

>Office of the Special Counsel
>1730 M Street, N.W.
>Suite 201
>Washington, DC  20036-4505

September 27, 2002
_____
(Date)

_Ameeran Ali_
Ameeran Ali