



PLAINTIFF'S
EXHIBIT
36

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Lisa McCall,
Complainant,

v.

Mike Johanns,
Secretary,
Department of Agriculture,
Agency.

Appeal No. 01A43955

Agency No. 990582

Hearing No. 130-2004-08002X

<u>DECISION</u>

Complainant timely initiated an appeal from the agency's final order dated April 30, 2004, concerning her equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*.   The appeal is accepted pursuant to 29 C.F.R. § 1614.405.

Complainant filed a formal EEO complaint dated April 20, 1998, claiming that she was subjected to unlawful discrimination on the bases of race (African-American) and color (black).

By letter dated February 3, 2000, the agency accepted complainant's complaint for investigation and determined that it was comprised of the following claims:

> Did the agency discriminate against complainant on the basis of race and color when it separated the complainant from employment as a reduction in force (RIF) in or around April 1997;[1] failed to place her name on the re-employment priority list (RPL); and subjected her to a pattern of harassment prior to her separation which included assignment of duties, insufficient work space, and verbal abuse by her supervisor?

---

[1]The agency's acceptance letter lists the date of the reduction in force (RIF) as April 1998; however, the record reflects that the RIF occurred in April 1997.

2                                        01A43955

At the conclusion of the investigation, complainant was provided a copy of the investigative file. The agency determined that complainant's complaint involved claims appealable to the Merit Systems Protection Board (MSPB). The agency issued a final decision concluding that complainant did not establish that she was discriminated against as claimed. Pursuant to the final agency decision, complainant filed an appeal with the MSPB. At the same time, complainant requested a hearing before an EEOC Administrative Judge (AJ) and filed an appeal with the Commission.

In *McCall v. Department of Agriculture,* EEOC Appeal No. 01A22742 (September 2, 2003), the Commission found that complainant filed an appeal with the MSPB regarding her separation due to the agency's RIF, and that subsequently, complainant withdrew her MSPB appeal. Based on the withdrawal, the MSPB AJ dismissed the matter with prejudice. The Commission found that "the dismissal with prejudice bars the adjudication" of complainant's claim that she was separated from the agency due to a RIF.

The Commission remanded to the agency complainant's remaining claims (that she was not placed on the RPL and was subjected to harassment).

On February 24, 2004, an EEOC Administrative Judge (AJ) issued a decision finding no discrimination. With respect to complainant's claim that she was not placed on the RPL, the AJ found that complainant failed to establish a *prima facie* case of discrimination. Specifically, the AJ stated that "[t]he evidence demonstrates that [c]omplainant's name was placed on the RPL, when she completed and returned the required RPL registration form."

Regarding complaint's harassment claim, the AJ determined that complainant's claim was comprised of the following incidents:

a)   [Complainant's supervisor (S1)] used an angry tone of voice when speaking to her and a co-worker];

b)   On one occasion, [S1] told her that she should not have asked a borrower for her husband's income because they separated, and that "if [she] did [she] would be sorry";

c)   Within two days of the borrower incident, [S1] took away her timekeeper duties and reassigned them to a white employee, [a named employee ], without providing any reason;

d)   S1 ordered her and [a named co-worker (C1)] to move furniture and place heavy files into cabinets;

e)   S1 ordered [complainant] to file all annual statements and send some files to St. Louis, although [another employee] was responsible for these tasks; and

3                                            01A43955

 f) After they moved to the Luverne Office, neither she nor [C1] had any furniture, a telephone, or a computer.

The AJ found that there is no "evidence that complainant's workplace was so permeated with discriminatory intimidation, ridicule, and insult that one could reasonably, or logically infer that it was attributed to her race."

In its final order dated April 30, 2004, the agency fully implemented the AJ's finding of no discrimination.

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett,* 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.,* 846 F.2D 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, summary judgment is not appropriate. In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

Placement on the RPL

A claim of disparate treatment is examined under the three-part analysis first enunciated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). For complainant to prevail, she must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. *See McDonnell Douglas,* 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Once the agency has met its burden, the complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the agency acted on the basis of a prohibited reason. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

4                                                    01A43955

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a *prima facie* case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the *McDonnell Douglas* analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. *See U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-714 (1983); *Hernandez v. Department of Transportation,* EEOC Request No. 05900159 (June 28, 1990); *Peterson v. Department of Health and Human Services*, EEOC Request No. 05900467 (June 8, 1990); *Washington v. Department of the Navy*, EEOC Petition No. 03900056 (May 31, 1990).

Complainant asserts that she was subjected to discrimination when she was not placed on the RPL after the RIF in April 1997; however, the Commission finds that the agency articulated legitimate, nondiscriminatory reasons for its actions. The record contains an affidavit from a Personnel Management Specialist (P1). Therein, P1 states that "[t]o be placed on the RPL, an employee subject to the RIF had to return an RPL registration form to me...The employee would not be placed on the list until the RPL registration form was returned." P1 further asserted that "the necessary form to be placed on the [RPL] was attached to all RIF notification letters...the RPL registration form was sent to [complainant] several times. On [February 9, 1998], the form was sent to her after a telephone request to me. On March 2, 1998, [complainant] contacted [another named Personnel Specialist],...and stated that she still had not received the RPL form, which was mailed on February 9, [1998]. I mailed the form to her again on March 10, [1998] to a new address. The form was signed on April 27, 1998 and received by me on May 26, 1998. [Complainant's] name was placed on the agency RPL list on May 27, 1998."

The Commission finds that complainant failed to establish pretext. In her affidavit, complainant disagrees with P1's statement that she did not return the RPL form until May 1998. However, the record supports P1's assertion that she did not receive complainant's RPL form until May 1998. The record contains a memorandum from the agency to complainant dated January 23, 1997, entitled "Specific Reduction In Force Notice." Attached to the memorandum was a copy of the RPL registration form for complainant to complete. The record also contains a letter to complainant from P1 dated February 9, 1998. Therein, P1 states "[a]ttached is the RPL form you called about. Please complete and return to me and I will get you on the [RPL] list." The record also contains a "Memorandum of Call Slip" dated March 2, 1998, reflecting that complainant called P1 and left a message that she still did not receive the RPL form. The record contains a letter to complainant from P1 dated March 10, 1998, reflecting that P1 sent complainant another copy of the RPL form. Finally, the record contains a copy of complainant's RPL Registration Sheet signed by complainant on April 27, 1998, and received by P1 on May 26, 1998. The record is devoid of evidence that the agency received complainant's RPL registration form, prior to May 1998. Moreover, the record reflects that as of May 28, 1998, complainant was placed on an updated RPL.

Complainant also states, in her affidavit, that she started applying for positions at Maxwell Air Force Base and that she kept hearing she was not eligible for priority because she was not on the RPL. However, P1 states in her affidavit that an employee on the agency's RPL would not have priority for jobs at another agency. Upon review of the record, the Commission finds that complainant failed to establish pretext.

<u>Harassment Claim</u>

Harassment is actionable only if the incidents to which complainant has been subjected were "sufficiently severe or pervasive to alter the conditions of [complainant's] employment and create an abusive working environment." *Harris v. Forklift Systems*, Inc., 510 U.S. 17, 21 (1993); *see also Oncale v. Sundowner Offshore Services, Inc.*, 23 U.S. 75 (1998); *Cobb v. Department of the Treasury*, EEOC Request No. 05970077 (March 13, 1997). To establish a *prima facie* case of harassment, complainant must show that: (1) he is a member of a statutorily protected class; (2) he was subjected to unwelcome verbal or physical conduct related to his membership in that class; (3) the harassment complained of was based on his membership in that class; (4) the harassment had the purpose or effect of unreasonably interfering with his work performance and/or creating an intimidating, hostile, or offensive work environment; and (5) there is a basis for imputing liability to the employer. *See Roberts v. Department of Transportation*, EEOC Appeal No. 01970727 (Sept. 15, 2000) (*citing Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982)). Further, the harasser's conduct is to be evaluated from the objective viewpoint of a reasonable person in the victim's circumstances. Enforcement Guidance on *Harris v. Forklift Systems, Inc.*, EEOC Notice No. 915.002 (March 8, 1994).

Complainant has not established a *prima facie* case of harassment. Specifically, complainant did not show that the alleged incidents were based on her protected classes. Complainant asserts that she had no phone, furniture, or a computer, once she relocated to the Luverne Office. However, the agency official responsible for assigning workspace to the employees that were relocated to the Luverne Office stated in an affidavit that "[t]he office was too small to run additional cables for computers and phones. Additionally, it was not practical to order new furniture or install computers and phones since we had been notified that a [RIF] was coming."

Regarding complainant's assertion that her timekeeper duties were given to another employee (E1), the record contains an affidavit from E1. Therein, E1 stated that S1 asked her to take over as timekeeper because she was a higher grade than complainant and it was "normal for someone at a higher grade to be the timekeeper." Furthermore, we find that the alleged incidents are not sufficiently severe or pervasive as to constitute a hostile work environment.

After a careful review of the record, the Commission finds that grant of summary judgment was appropriate, as no genuine dispute of material fact exists. We find that the AJ's decision properly summarized the relevant facts and referenced the appropriate regulations, policies, and laws. Further, construing the evidence to be most favorable to complainant, we note that complainant

6                                                    01A43955

failed to present sufficient evidence that any of the agency's actions were motivated by discriminatory animus toward complainant's protected classes.

Accordingly, we **AFFIRM** the agency's final order implementing the AJ's finding of no discrimination.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.   If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or