In The United States District Court
For The Middle District of Alabama
Northern Division

Lisa McCall,  )
    Plaintiff,  )
  )
v.  )  Civil Action No.2:06cv39-MHT
  )
Mike Johanns,  )
Secretary, Department of Agriculture,  )  Jury Demand
  )
    Defendant.  )

## Plaintiff McCall's Supplemental Memorandum
## In Support of Denial of Summary Judgment

Comes now Plaintiff McCall and files the instant supplemental memorandum in support of denial of summary judgment in the above styled action as per the June 15, 2007 Order of this Honorable Court, stating as follows:

### Post Reduction In Force
### Temporary and or Permanent
### Jobs Available

Plaintiff McCall under tight time constraints has just found and has information and belief, via a former Agency employee, that certain positions in her GS 4 area were filled in Elmore County by the Agency after the RIF. While Plaintiff is unable to get admissible evidence for the Court on such positions, the preexisting EEO and MSPB investigative record provides proof of several other post RIF GS4 positions, any of which could have been awarded to her.

Said positions as per the US Department of Agriculture, Report of Investigation, Exhibit F 15 (Plaintiff's Composite Exhibit 20) demonstrate that after the RIF, "temporary" GS 4 positions were filled by the Agency on 3/26/00, 4/3/00 and 9/10/00 at Montgomery, Andalusia and Camden, Alabama respectively. (Id).

Furthermore, Sonya J. Davenport (White) presented testimony to the effect that:

> She also lost her job due to the RIF. Ms. Davenport states that she is currently employed by the agency as a Community Program Assistant GS 4 in the Andalusia Office but detailed to the state office in Montgomery.... (Plaintiff's Composite Exhibit 20, page 7 of investigators summary, see also Sonya J. Davenport's Affidavit (F 6) in Plaintiff's Composite Exhibit 20)

Finally, as per documents Bates MC000128-MC000130 prior attached to Plaintiff's original Summary Judgment Memorandum there is further evidence of the fact of the presence of post RIF jobs that Plaintiff could have filed as per an analysis by EEO investigator Keleyhers who found pretext in her report of investigation.

Keleyhers stated:

> ...The question remains whether the system over all was truly objective and if there are indicators of racial bias.
> A white employee holding a GS 5 job was offered a GS 5 position in the Bay Minette office in advance of the rif Testimony indicated she was at the top of the retention list and the offer to her was appropriate. And the Agency indicated that only 5's could qualify for 5 positions. Thus the Complainant could not have been offered the same job and was also far below her on the retention list. Unfortunately this is the very position that the Complainant applied for in June of 1996. At that time it was refused by the successful candidate, and the position was simply left vacant. After the position was offered to the white employee in January 1997 Sonya Davenport, it again left vacant according to Barbara Bennett and not offered to anyone else on the retention list. This seems to show a practice of opening up jobs for desired candidates, and then keeping them vacant instead of opening up the positions to the next qualified candidate. The Complainant was a GS 4 and Gs 4 positions were eliminated, however post rif a new category of GS 4/5 was inaugurated. Of the people rifed 45% were black a higher percentage than in the work force. It appears that subjective decisions were made as to what jobs were open and when. It was very hard to understand why the position was not offered to the Complainant, the only other applicant (Lisa Hardy was selected for a position at that time also). The position was vacant and unfilled until it was reopened and offered to the white co/worker of the Complainant who rejected it. (Bates MC000128-MC000130).

In summary, the aforesaid admissible supplemental evidence demonstrates the correctness of Plaintiff's contentions and statements that there were post RIF positions that she could have filled, further supporting her prima facie case and evidence of pretext.

Respectfully submitted,

_____
Gary E. Atchison (ATC004)
Attorney for Plaintiff Lisa McCall

**Of Counsel:**
P.O. Box 2002
492 South Court Street
Montgomery, AL 36102-2002
(334) 262-7232

### Certificate of Service

I hereby certify that a copy of the foregoing pleading has been properly addressed, with postage prepaid and placed in the US Mail on this the ___19___ day of June 2007, to the following:

R. Randolph Neeley, Esq.
Assistant U.S. Attorney
PO Box 197
Montgomery, Alabama 36101-7280

_____
Gary E. Atchison