IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA McCALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No.: **02:06-cv-039-MHT** |
| | ) |
| MIKE JOHANNS, Secretary, | ) |
| United States Department | ) |
| of Agriculture, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF McCALL'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF DENIAL OF SUMMARY JUDGMENT**

Come now the defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and replies to the plaintiff's supplemental memorandum in support of denial of summary judgment as follows:

**I.    Background**

During the course of the pretrial hearing held in this matter on Friday, June 15, 2007, the Court inquired about evidence in the record which demonstrated whether there were available positions for which the plaintiff was ostensibly qualified that she was not placed in following the reduction in force. The plaintiff has responded to the Court's inquiry with three pieces of evidence: 1) Exhibit F15 - GS 4 positions filled since the RIF on 4/27/97; 2) affidavit of Sonya Davenport; and 3) statement of EEO Investigator Keleyhers.

**II.    The plaintiff's evidence fails to rebut the defendant's legitimate, non - discriminatory reasons for not placing the plaintiff on the RPL until May, 1998.**

In its memorandum offered in support of its Motion to Dismiss, or in the alternative, for Summary Judgment the defendant stated:

> For the purposes of this motion and this motion alone, the defendant does not dispute that the plaintiff was a qualified member of a protected class, who was subjected to an adverse employment action when she did not get placed on the RPL before April 1998, and that similarly situated employees outside her protected class were placed on the RPL sooner.
>
> The defendant does state, however, that the plaintiff's failure to return her RPL registration form was the legitimate non-discriminatory reason for the delay in placing her on the RPL.  As presented above, the plaintiff was provided a Specific Reduction in Force Notice in January 1997, which also contained the required RPL Registration Sheet as an attachment.  Even assuming the plaintiff did not receive this exact form, the letter itself identified the form and sufficient other information to place the plaintiff on notice of steps she needed to take to protect her interests. Furthermore, the record is clear and indisputable that the plaintiff contacted Ms. Price in February 1998, regarding the form and that same was sent to the plaintiff forthwith, but apparently due to a change in address the form never reached the plaintiff.
>
> Equally indisputable is that the plaintiff again contacted Ms. Price in March, 1998 and again Ms. Price sent an RPL Registration Sheet to the plaintiff who did not, at best, return same to Ms. Price until the end of April, 1998, and at worst, did not return same until May 26, 1998.  It is undisputed that shortly thereafter the plaintiff's name appeared on the RPL.

As the plaintiff's failure to timely return the RPL registration is a reason "that

might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.  Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000); *citing*, Alexander v. Fulton County, Ga., 207 F.3d 1303, 1341 (11th Cir.2000).

### III.    The plaintiff's evidence

    **a)    Exhibit F15 - GS 4 positions filled since the RIF on 4/27/97 - permanent or temporary**

The plaintiff has submitted that 3 temporary positions, all rated GS-4, were filled by the agency on 3/26/00, 4/3/00 amd 9/10/00 at Montgomery, Andalusia and Camden, respectively.  The exact evidence offered is a chart prepared during the course of the administrative proceedings in this matter which indicates that a total of four temporary positions were filled between 2/1/98 and 9/10/00 in four different locations throughout the state of Alabama.  The chart also appears to indicate the race of the person who filled the position.

On its face, the chart offers no support for the idea that race somehow influenced the selection of the involved persons.  The chart itself indicates that 50% of the temporary GS-4 positions were filled by African Americans while the balance was filled with caucasian candidates.  The chart, which does not indicate which, if any, of these employees had previously engaged in protected activities lends no support to the argument that the plaintiff was not selected for any of these positions in retaliation for protected activity.  Similarly, the chart sheds no light on who the selecting official was,

thus there is no information provided by the plaintiff regarding the gender / racial characteristics of that person. Moreover, the plaintiff has produced no evidence regarding the manner in which the RPL was or was not utilized to fill these positions, that is, were the selected individuals contacted by the defendant and told of the positions, or did the selected individuals find out about the positions from some other source.

In sum, this piece of evidence sheds no light on whether the plaintiff's race or prior EEO activity prevented her from being notified and / or selected for any of the positions. Simply put, the chart, standing alone, says that 2 African - Americans and 2 caucasians were placed in temporary positions after the RIF. In the absence of any other evidence regarding how and if the positions were announced, the selection process utilized to fill them, the identity of the selecting official and the background of the selectees, the chart sheds no light on whether the plaintiff was the victim of unlawful discrimination.

Moreover, the evidence fails to meet the defendant's proffered, legitimate, non-discriminatory reason "head on and rebut it." Chapman, 229 F.3d at 1030. The chart does not indicate whether any of the selected employees registered for the RPL, thus the chart does not demonstrate whether the RPL was a factor in the placement of temporary positions.

    b)    **Affidavit of Sonya Davenport**

Like Exhibit F15, the affidavit of Sonya Davenport does not provide evidence of

such a nature as to cast doubt on the proffered, legitimate, non-discriminatory reason of the defendant. The affidavit, in its entirety, does not indicate that Ms. Davenport did or did not send in her RPL form, nor does it demonstrate that Ms. Davenport, was definitely contacted by the defendant in regards to any job. More importantly, it does not indicate that placement on the RPL was the reason she was placed in the position. It is undisputed that she sought out the temporary position on her own.

    c)    **EEO Investigator Keleyhers statement.**

The plaintiff has also introduced a statement written by an EEO investigator in which the investigator discusses the circumstances surrounding a position in Bay Minette, Alabama for which the plaintiff applied and was rejected prior to the RIF. The particular position to which the investigator appears to be referring was a GS-5 Rural Development Assistant position which opened May 31, 1996. While the plaintiff applied for the position, a non African-American, Lisa Hardy, was selected.[1] A similar, if not the same position, came open again on March 17, 1997, and was advertised to give those being RIF'd an opportunity to apply. The plaintiff did not apply.[2]

The statements of the investigator do not meet the requirements of Rule 56 (e) of the Federal Rules of Civil Procedure which:

---

[1] Defendant's Exhibit 40 (DEX 40), Vacancy Announcement No. AL96-08; DEX 32, p. 6, ¶ 12.

[2] Defendant's Exhibit 41 (DEX 41), Vacancy Announcement No. AL97-07; DEX 32, p. 6, ¶ 13.

> requires Plaintiff to 'set forth *specific facts* showing there is a genuine issue for trial.' FED. R. CIV. P. 56(e) (emphasis added). Plaintiff may not merely rest on his pleadings and survive summary judgment. Id. [Celotex, 477 U.S. at 323, 106 S.Ct. 2548; Fitzpatrick, 2 F.3d at 1115- 1116.] Moreover, '[s]ummary judgment cannot be avoided ... based on hunches unsupported with significant probative evidence.' Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1198 (11th Cir.1997). In other words, a plaintiff cannot interpose genuine issues of material fact with 'a mere inference based on speculation and conjecture.' Lowie v. Raymark Ind., 676 F.Supp. 1214, 1216 (S.D.Ga.1987).

Kennedy v. Kelly Temporary Services, Inc., 95 F.Supp.2d 1288, 1293 (M.D. Al. 2000).

"'This court has consistently held that conclusory allegations without specific supporting facts have no probative value.' *See* Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir.1985)." Leigh v. Warner Brothers, Inc., 212 F.3d 1210, 1218 (11th Cir. 2000). "[O]ne who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." Id., *quoting,* Gossett v. Du-Ra-Kel Corp., 569 F.2d 869, 872 (5th Cir.1978); Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (en banc); and Rule 56(e), Federal Rules of Civil Procedure. Furthermore:

> The Rules are clear: "Supporting and opposing affidavits *shall* be made on personal knowledge." Fed.R.Civ.P. 56(e) (emphasis added). Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, "upon information and belief"--instead of only knowledge-- from raising genuine issues of fact sufficient to defeat summary judgment. *See* Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir.2000) ("upon information and belief" insufficient); Fowler v. Southern Bell

> Tel. and Tel. Co., 343 F.2d 150, 154 (5th Cir.1965) ("knowledge, information and belief" insufficient); Robbins v. Gould, 278 F.2d 116, 118 (5th Cir.1960) ("knowledge and belief" insufficient). [FN7] Likewise, an affidavit stating only that the affiant "believes" a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact. Jameson v. Jameson, 176 F.2d 58, 60 (D.C.Cir.1949) ("Belief, no matter how sincere, is not equivalent to knowledge."); *see also* Tavery v. United States, 32 F.3d 1423, 1426 n. 4 (10th Cir.1994); Hansen v. Prentice-Hall, Inc., 788 F.2d 892, 894 (2d Cir.1986). Even if the affidavit is otherwise based upon personal knowledge (that is, includes a blanket statement within the first few paragraphs to the effect that the affiant has "personal knowledge of the facts set forth in th[e] affidavit"), a statement that the affiant believes something is not in accordance with the Rule. *See* Cermetek, Inc. v. Butler Avpak, Inc., 573 F.2d 1370, 1377 (9th Cir.1978) (equating "I understand" statement in affidavit to inadmissible "I believe" statements and concluding that statement is inadmissible despite general averment to personal knowledge at beginning of affidavit).

Pace v. Capobianco, 283 F.3d 1275, 1278-1279 (11th Cir. 2002). In sum, the plaintiff must state specific facts or present some objective evidence that would enable the court to find that she is entitled to relief under Title VII; she may not rely upon the bald assertions contained in her pleadings and / or the unsworn summary opinions of persons without personal knowledge of the acts to which they refer.

Even considering the statement as admissible, it sheds no light on the ultimate question to be answered, did Ms. Price give an honest explanation for her actions? That is, did Ms. Price not place the plaintiff on the RPL because the plaintiff failed to timely provide the required paperwork. Whether the plaintiff was selected or not selected for

this position which was opened on two occasions prior to the development of the RPL, is simply not relevant to, or informative about the veracity of Ms. Price's proffered legitimate, non-discriminatory reason for not placing the plaintiff on the RPL until May 1998. Similarly, it is irrelevant to the question posed by the Court; whether their were any GS-4 positions which became available after the RIF that the plaintiff could have filled.

## IV.   Conclusion

Given the plaintiff has failed to cast doubt on the defendants proffered, legitimate, non-discriminatory reason for not placing her on the RPL and given her total failure to demonstrate any discrimination and / or retaliation in the filling of any of the post RIF temporary GS-4 positions, the defendant is entitled to a grant of summary judgment as to each every claim of the plaintiff.

Respectfully submitted this 29th day of June, 2007.

                LEURA G. CANARY
                United States Attorney

By:   s/R. Randolph Neeley
       R. RANDOLPH NEELEY
       Assistant United States Attorney
       Bar Number:  #9083-E56R
       Attorney for Defendant
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL  36101-0197
       Telephone: (334) 223-7280
       Facsimile:  (334) 223-7418
       E-mail:  **rand.neeley@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

>Gary E. Atchison, Esquire
>P.O. Box 2002
>Montgomery, AL 36102-2002

>   s/R. Randolph Neeley
>Assistant United States Attorney